## MARY K. WARD *vs.* MYRON WARD.

January Term, 1898.

Present: TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Contempt—Right to be Heard—V. S. 2699.*

The petitionee was summoned to show cause why his wife, who was living apart from him, should not be given the custody of their minor children, under V. S. 2699, and immediately left the State, taking the children with him. For this he was forthwith adjudged in contempt and not entitled to participate by counsel in the hearing until he should be present in person and have the children within the jurisdiction of the court. *Held*, error for,

The petitionee was in court by his counsel in obedience to the summons of the court, not asking its favor, and had a legal right to be heard.

The petitionee's conduct could not embarass the court in proceeding to hear and determine the cause, and the court had no right to assume that it would be embarassed in the execution of its decree.

Even if the petitionee was in contempt, the court could not without a hearing deprive him of the subject matter of the litigation, when his conduct had not interfered with the due course of procedure to final decree.

Moreover, the petitionee could not be legally adjudged in contempt without an order to show cause and an opportunity to be heard.

PETITION under V. S. 2699, for the custody of minor children of the parties. Heard at the September Term, 1897, Washington County, *Ross*, C. J., presiding. The question and its disposition are stated in the opinion.

*L. M. Read*, for the petitionee.

*Clarke C. Fitts* and *Waterman, Martin & Hitt*, for the petitioner.

START, J. The parties are husband and wife. The petition is for the custody of their minor children. The petitionee left the state immediately after the petition and summons were served upon him, taking the children with him; and for this the court below forthwith adjudged him in contempt and not entitled to participate by counsel in the hearing, until he should be present in person and have the children within the jurisdiction of the court. It does not appear that the court, after refusing to allow the petitionee to participate in the hearing by counsel, proceeded to hear the petitioner, or that it made any order respecting the custody of the children; and the case might properly be disposed of in this court upon the ground that it does not appear that the petitionee has been harmed by the refusal of the court to allow him to participate in the proceedings. But, inasmuch, as this question is not raised by the petitioner's counsel, and the case has been argued upon the assumption that the court below, in effect, held that it had the power, after refusing to allow the petitionee to participate in the hearing by counsel, to proceed and grant the prayer of the petition, we will consider the question as presented.

V. S. 2699, provides, that, when the parents of minor children are living separate, the county court, on petition of either parent, may make such decree concerning the care, custody, maintenance and education of the children, as it can in cases where the court grants a divorce. V. S. 2700, provides, that, when such petition is made, a summons shall be issued to the other party to appear at the court to which the petition is returnable, and show cause why the prayer of the petition should not be granted, which summons and petition shall be served on said party twelve days prior to the session of the court. In compliance with this statute, the petitionee was summoned to appear before the court and show cause why the custody of his minor children

should not be decreed to the petitioner. He appeared by counsel, and the court, after adjudging that he was in contempt, by way of punishment, refused to hear him respecting the very matter he was summoned to answer to, until he should be present in person and have the children within the jurisdiction of the court. If the petitionee had, by his counsel, been before the court asking its favor, or if the question of whether the petitionee should be heard had been discretionary with the court, it could have denied a hearing, until the petitionee purged himself of the contempt by coming before the court and having the children within its jurisdiction. But he was not before the court asking its favor, and it was not discretionary with the court to grant or deny a hearing. He was, by his counsel, before the court, in obedience to its summons, to show cause why the petitioner should not have the custody of the children. His presence was not necessary for the purpose of requiring the petitioner to make full proof of her ability and fitness to care for the children, and his absence did not obstruct or embarrass the court or degrade its authority; and, for his absence, he could not be adjudged in contempt. He was not required to bring the children before the court. Their presence was not necessary for a full and complete determination of the issue presented by the petition, nor had the court exercised any authority over them. The hearing was for the purpose of determining whether the court would, or would not, exercise such authority. The absence of the petitionee and the children could only affect the enforcement of an order that might, or might not, be made after hearing, and the court could not anticipate that the petitionee would not comply with such orders as it should adjudge proper and, for this reason, deny him a hearing in defense of his rights as father of the children. He was guilty of no offense in the presence of the court, nor had he disobeyed any of its commands respecting the cause and matter he was summoned to answer to, and was entitled to be heard, as a

matter of strict legal right. The constructive contempt found by the court, which could in no way affect the due course of the proceedings to final decree, did not justify a denial of this right. If the petitionee was in contempt, the court could punish him by fine or imprisonment; but it could not, after denying him a hearing, proceed and deprive him of the subject-matter of the litigation, unless the conduct, on account of which he was adjudged in contempt, in some way affected the due course of procedure to final decree.

The right to be heard in person, or by counsel, in defense of parental rights is a sacred legal right, and ought not to be denied because of constructive contempt, which can in no way hinder or embarrass such hearing or degrade the authority of the court. In *Gordon* v. *Gordon*, 141 Ill. 160: 33 Am. St. 294, it is held, that, when a defendant in a suit for divorce is in contempt in failing to obey the order of the court for the payment of temporary alimony, the court has no power to prevent him from interposing a defence to the merits of the bill, by striking out his answer. In *Haldane* v. *Eckford*, L. R. 7 Eq. 425, where the doctrine contended for was attempted to be applied, the vice-chancellor said, "Although the contempt committed by the defendants had been of the most flagrant kind, yet as what they asked was for the purpose of defending themselves, he had no jurisdiction to refuse the order."

We think, also, that the petitionee could not be adjudged in contempt and punished, without an order to show cause and an opportunity to be heard. He had committed no offence in the presence of the court, and the court could not assume, without giving him an opportunity to be heard, that his conduct out of court was not justifiable. In Langdon, Ex parte, 25 Vt. 680, the relator was, without hearing or an order to show cause, adjudged in contempt for disobeying an order respecting the custody of his children; and it was held that the proceedings for contempt must be

28

regarded as a distinct and independent matter, as much as a new suit, and that it required distinct notice and an opportunity to be heard. In *Buckley et al.* v. *Perrine et al.*, decided by the Court of Errors and Appeals of New Jersey, in 1897, and reported in the Atlantic Reporter, Vol. 36, 1088, the respondents having failed to produce at the final hearing the young children who were the subject of controversy, the vice-chancellor, at once, without any notice to the respondents, took depositions *ex parte* as to the reason of their non-production and forthwith adjudged the respondents in contempt, and directed that they should be confined in jail until they should purge themselves of the contempt; and it was held that the parties accused should have had ample notice and full opportunity to make defence before they were condemned.

> *The order adjudging the petitionee in contempt and denying him the right to participate in the hearing by counsel is vacated, and cause remanded.*