## Marjorie H. Walker v. Lynn H. Walker

[192 A.2d 460]

March Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 7, 1963

*Fitts & Olson* for the libellant.

*Bloomer & Bloomer* and *Frederick J. Fayette* for the libellee.

■ **Barney, J.** A party to a domestic relations proceeding cannot be adjudged in contempt for an out-of-court failure to abide by a court order, without an order to show cause and an opportunity to be heard. *Ward* v. *Ward,* 70 Vt. 430, 433, 41 Atl. 435. The motion of the libellant to affirm the lower court's judgment order in the divorce case appealed here would by-pass this requirement. The motion alleges that the libellee has failed to comply with the following provision of the divorce decree:

> (4) The libellee shall pay to libellant's attorneys, Fitts & Olson, Esquires, as and for suit money, the sum of Seven Hundred Dollars ($700), payable at the rate of One Hundred Dollars ($100.) per month, the first payment to be made on December 15, 1962 and continuing on the 15th of each month until the said sum of Seven Hundred Dollars ($700.) shall be fully paid. This provision for the payment of suit money shall remain in effect notwithstanding an appeal being taken herein.

No proceeding has been held to determine compliance; we are furnished no findings of fact or order to that effect, by which we can accept the libellant's contention as a matter of law for the purposes of this motion.

■ Compliance with a final order may be foregone pending disposition of an appeal, since proper filing of the notice of appeal operates as a stay. 12 V.S.A. §2387. The command of this statute cannot be denied by unauthorized judicial order.

The libellant suggests that this portion of the order is interlocutory. This claim appears unsound (see *Casellini-Venable* v. *Rogers,* 123 Vt. 427, 192 A.2d 461), and the libellant has not presented any authorities in support of this proposition. But even assuming that this is not a final order, it could then come to this Court only under the authority and procedures of 12 V.S.A. §§2382 and 2386. This case has not been certified, but is here under a notice of appeal, applicable to final orders. If the libellant's contention that the issue of attorney's fees is not here is sound, it is difficult to see how her motion

to dismiss, based on failure to comply, should be allowed to bar consideration of the remaining issues admittedly here.

To reach that result, the libellant again asks this Court to assume contempt where none has been found. As we have seen, the law is otherwise. But even in the presence of contempt, the same case of *Ward* v. *Ward, supra,* 70 Vt. 430, 433, 41 Atl. 435, indicates that the right of the libellee to be heard in defense of his rights cannot be withheld as a punishment for acts of contempt that did nothing to hinder or embarrass the proceedings or degrade the authority of the court. The contemptuous conduct must, in some way, affect the due course of procedure to final decree. Otherwise, it cannot be used to forbid the libellee, who is in court in response to its summons, the right to take part in a hearing which deprives him of the subject matter of the litigation. No demonstration has been made here of any justification for denying the libellee the right to be heard in this Court.

*Motion to affirm the judgment denied.*