# Socony Mobil Oil Company, Inc.

## v.

# Massena Iron and Metal Co. and Northern Oil Company, Inc.

[217 A.2d 56]

December Term, 1965

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ. and O'Brien, Supr. J.**

Opinion Filed February 1, 1966

*A. Pearley Feen* for plaintiff.

*Kissane & Heald and Lisman & Lisman* for defendant.

**Holden, C. J.** The single question now before us in this case is whether an appeal lies from a decree of a court of chancery which adjudged the appellant to be in contempt. Acting under 12 V.S.A. §122, the plaintiff instituted contempt proceedings against the defendant, Northern Oil Company, Inc., charging a violation of the decree of the court of chancery for Chittenden County dated August 22, 1963. After hearing the parties and finding the facts, the chancellor adjudged Northern Oil Company, Inc., to be in contempt for failing to remove certain oil tanks from lands of the plaintiff. This defendant was ordered "to purge itself of said contempt by removing the tanks on or before October 15, 1965." Upon the company's failure to remove the tanks within the time specified, it was ordered to pay a fine of $5,000. Northern Oil Company, Inc., seeks appellate review of this order. Its notice of appeal to this Court was met by the Plaintiff's motion to dismiss.

■ It is settled that an appeal may be taken to review questions of law decided in contempt proceedings heard by the county courts. *In re Consolidated Rendering Co.*, 80 Vt. 55, 63, 66 Atl. 790; *Cutting v. Cutting*, 101 Vt. 381, 383, 143 Atl. 676, See also *Ward* v. *Ward*, 70 Vt. 430, 433, 41 Atl. 435; *Walker* v. *Walker*, 123 Vt. 430, 431, 192 A.2d 460.

The order reviewed in *In re Consolidated Rendering Co.*, supra, was similar in substance to that entered in the pending appeal. It differed in that it originated in the county court rather than the court of chancery. The offending corporation was adjudged in contempt and fined $3,000. The cause was held to be properly transferred to the Supreme Court by way of a bill of exceptions under V.S. §1625, subsequently 12 V.S.A. §2423.

At the time of this decision a different statute governed appeals in chancery. V.S. §981. This provision prevailed until 1941.

The plaintiff places principal reliance on *Vilas* v. *Burton*, 27 Vt. 56, decided in 1854 under the statute then applicable for the review of chancery causes, Section 78 of Chapter 29 of the Compiled Statutes. G.S. 29, §79. The opinion of the Court by Chief Justice Redfield points out the "statute, in terms, limits it (an appeal in chancery) to the final decree 'in the cause' which can only be made 'at the regular term of the court,' and must be taken at the same term at which the decree was made. . . . Judging from the statute of this state, allowing appeals from the court of chancery to this Court, it seems to us very certain that an appeal will not lie from the decree of the chancellor in matter of contempt." *Vilas* v. *Burton*, supra, 27 Vt. at 59.

■ With the enactment of No. 34 of the Acts of 1941, An Act to Standardize the Passing of Causes to the Supreme Court, causes heard in chancery pass to this Court in the same manner as appeals from county court. The effect of this legislation is that appeals in chancery, as they existed prior to 1941, were abolished. The statutes applicable to obtain review of proceedings in the county court were substituted therefor. *Abel's, Inc.* v. *Newton*, 116 Vt. 272, 274, 74 A.2d 481.

· Cases dealing with chancery appeals under the former practice lost their validity. Precedents governing passing causes to the Supreme Court from the county court became pertinent precedents. *Abel's, Inc.* v. *Newton*, supra, 116 Vt. 274.

■ *Vilas* v. *Burton*, supra, presents no obstacle to the pending appeal. *Plaintiff's motion to dismiss is denied.*