### Milton J. Lunnie v. Iris W. Lunnie

[ 243 A.2d 795 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

*Arthur L. Graves, Esq.,* for the Petitioner.

*John A. Swainbank, Esq.,* and *Robert A. Gensburg, Esq.,* for the petitionee.

**Keyser, J.** This is a petition brought by the libelee to revise a decree of divorce relating to custody of a minor child.

The petitioner (appellee) obtained a decree of divorce on August 20, 1966. The court, as required by 15 V.S.A. §559, included in its decree an order forbidding the libelee (appellant) to marry a person other than the libelant for a period of two years unless the libelant dies. The court also awarded the care and custody of a minor son of the parties to the libelant.

Subsequently in May 1967, the petitioner brought a petition to revise the decree therein seeking to have the custody order in the decree changed by having the custody of said child awarded to her. The petitionee moved to dismiss the petition on the ground that the petitioner, contrary to the order, had remarried on March 11, 1967, in Springfield, Massachusetts, and, as a consequence, she was in contempt of court and not entitled to be heard.

Hearing on the motion consisted of arguments of counsel and the admission of a certified copy of the record of appellant's marriage in Massachusetts. It does not appear that the libelee was present. The court found that the petitioner's marriage was "in violation of the terms of the decree and order" and dismissed her petition.

The question before us is whether the facts found in the order dismissing the complaint support the final result. In other words, is the appellant entitled to be heard and present evidence on her petition irrespective of her remarriage?

■ The petitioner-libelee could not be adjudged in contempt and punished, without an order to show cause and an opportunity to be heard. She had committed no offense in the presence of the court, and the court could not assume, without giving her an opportunity to be heard, that her conduct out of court was not justifiable. *Ward* v. *Ward*, 70 Vt. 430, 433, 41 A. 435; *Ex parte Langdon*, 25 Vt. 680. To proceed otherwise is a denial of due process.

*Ward* v. *Ward, supra,* is controlling on the proposition presented. That case involved a petition for custody of minor children of parties living separate and apart. The petitionee left the state immediately after the petition and summons were served upon him taking the children with him. For this, the court below forthwith adjudged him in contempt and not entitled to participate by counsel in the hearing.

This court held at page 433 of the opinion, 41 A. at page 436:

"The constructive contempt found by the court, which could in no way affect the due course of the proceedings to final decree, did not justify a denial of this right. If the petitionee was in contempt, the court could punish him by fine or imprisonment; but it could not, after denying him a hearing, proceed and deprive him of the subject-matter of the litigation, unless the conduct, on account of which he was adjudged in contempt, in some way affected the due course of procedure to final decree."

The court further said:

"The right to be heard in person or by counsel in defense of parental rights is a sacred legal right, and ought not to be denied because of constructive contempt, which can in no way hinder or embarrass such hearing or degrade the authority of the court."

■■ We find no statute, and none has been pointed out to us, that abridges the appellant's right to be heard on her petition. No jurisdictional question is involved since a violation of the prohibitive clause of the divorce decree, even if true, does not oust the court of its jurisdiction. The petitioner has the right to have her petition heard on its merits and the issue presented by the petition determined.

*Reversed and remanded.*