Judith A. MARTIN v.
Larry D. MARTIN

[578 A.2d 110]

No. 88-555

June 14, 1990. A Rule 60(b)(6) motion for relief from judgment is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless it clearly and affirmatively appears from the record that the court abused its discretion. *Green Mountain Bank v. Magic Mountain Corp.*, 148 Vt. 247, 247, 531 A.2d 604, 605 (1987). Defendant filed his 60(b)(6) motion more than two years from the date of the filing of the final decree and only after service of plaintiff's motion for contempt. In addition to addressing the merits of the motion for relief from judgment, the trial court denied the motion on the grounds that it was untimely. This reason alone is sufficient to uphold the court's decision on appeal. Defendant has failed to demonstrate that the trial court abused its discretion.

The parties agreed that the court would decide the 60(b)(6) motion without argument on the record because they had briefed the relevant issues. However, the parties made no such agreement with respect to the motion to enforce and for contempt. After dismissing the motion for relief from judgment, the court proceeded to grant the motion to enforce and for contempt without the benefit of a hearing. Defendant asserts this constitutes error. We agree.

Here, the defendant's failure or refusal to comply with the order of the court was not an act committed "in the face of the court." Compare *Andrews v. Andrews*, 134 Vt. 47, 49, 349 A.2d 239, 241 (1975) (failure to execute documents in accordance with final decree was civil contempt punishable by imprisonment after adequate hearing and opportunity to purge), with *State v. Allen*, 145 Vt. 593, 601, 496 A.2d 168, 172 (1985) (swearing at the court represents direct contempt immediately punishable without evidence or examination). Where the essential elements of the contempt offense occur outside of the presence of the court, due process of law requires that the contemnor receive notice and a fair hearing. See *Johnson v. Mississippi*, 403 U.S. 212, 215 (1971) (per curiam). V.R.C.P. 80(j) contemplates a hearing on a motion to enforce a divorce judgment in all instances where an affidavit has been filed. The court may deny a motion expeditiously and without a hearing if the motion is not accompanied by satisfactory affidavits. Reporter's Notes, 1987 Amendment, V.R.C.P. 80(j). Where the alleged events have taken place out of the court's presence, Rule 80(j) does not dispense with the hearing guaranteed by the contemnor's right of procedural due process. See *Walker v. Walker*, 123 Vt. 430, 431, 192 A.2d 460, 460–61 (1963) ("A party to a domestic relations proceeding cannot be adjudged in contempt for an out-of-court failure to abide by a court order, without an order to show cause and an opportunity to be heard.").

*The dismissal of the Rule 60(b)(6) motion for relief from judgment is affirmed. The order granting the motion to enforce and finding defendant in contempt of court is reversed and remanded for a hearing on that issue.*