## Debra DONLEY v. David DONLEY

[686 A.2d 943]

No. 95-463

October 3, 1996. Defendant appeals the family court's denial of his motion to set aside a relief-from-abuse order. We affirm.

In August 1992, plaintiff, who is defendant's sister and rented an apartment in the home of the parties' mother, obtained a relief-from-abuse order based on an incident in which defendant physically attacked her and threatened to kill her. The order required defendant to stay away from his sister, and permitted defendant to visit his mother at her home only within a three-hour period every other Sunday afternoon. As a result of the incident, defendant was also charged with aggravated domestic assault. A jury acquitted him of that and lesser-included offenses in June 1993. In January 1994, defendant's sister obtained an extension of the abuse-prevention order "until further order of the court," with the same conditions. In June 1995, defendant was served with a summons for violating the order when he remained at his mother's residence beyond the allotted time. In July 1995, defendant filed a motion to set aside the order, claiming that (1) there had been a substantial change of circumstances since it was issued; (2) the unlimited duration of the order was unlawful; (3) the jury acquittal was res judicata as to whether he abused his sister, and the extended order placed him in double jeopardy for the same offense; and (4) his

sister had lacked standing to obtain the order. The family court denied the motion, rejecting each of these arguments. On appeal, defendant raises only the latter two arguments. First, he claims that because his sister is not a family or household member as defined in 15 V.S.A. § 1101(2), she lacked standing to obtain the relief-from-abuse order, and thus the court lacked jurisdiction to issue it. Second, he claims that the issuance of the extended order based on the same incident for which he had been previously acquitted of domestic assault charges violated the principles of res judicata and placed him in double jeopardy.

We first note that although defendant seeks to set aside a prior order, he provides no grounds to do so as set forth in V.R.C.P. 60(b). See V.R.F.P. 9(a) (except as provided in this rule or by statute, rules of civil procedure shall apply to actions to prevent abuse). A person who is the subject of an abuse-prevention order may seek modification of the order based on a change of circumstances, 15 V.S.A. § 1103(d), but here, rather than seeking modification based on changed circumstances, defendant seeks to set aside the January 1994 order by challenging its validity on jurisdictional and other legal grounds. Accordingly, he must satisfy Rule 60(b).

Because defendant's motion to set aside was filed more than one year after the order was issued, he cannot proceed under subsections (1), (2), or (3) of the rule. See V.R.C.P. 60(b) (motion shall be made within reasonable time, and for reasons (1), (2), and (3) not more than one year after order was entered). Subsection (5) is not relevant. Nor do subsections (4) (judgment is void) or (6) (any other reason justifying relief) provide the relief defendant seeks, at least with respect to his jurisdictional claims. Rule 60(b) "'is not intended to function as a substitute for a timely appeal.'" *Richwagen v. Richwagen*, 153 Vt. 1, 3, 568 A.2d 419, 420

(1989) (quoting *Tetreault v. Tetreault*, 148 Vt. 448, 451, 535 A.2d 779, 781 (1987)). A judgment is not void on standing or jurisdictional grounds when a party had a prior opportunity to contest on those grounds but failed to do so. See 11 C. Wright, et al., Federal Practice and Procedure § 2862, at 331 (2d ed. 1995) (if party had opportunity to contest jurisdiction and failed to do so, jurisdiction cannot be attacked collaterally under Rule 60(b)(4)); *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) (even if court did not rule on exercise of jurisdiction, if parties could have challenged court's power to hear case, then res judicata principles bar them from later challenging jurisdiction collaterally under Rule 60(b)(4)); see also 13A C. Wright, et al., Federal Practice and Procedure § 3531.15, at 106 (2d ed. 1984) (collateral attack for want of standing should be rejected; other jurisdictional defects do not establish that judgment is void, and standing should be no different). For the same reason, Rule 60(b)(6), which normally affords relief only under extraordinary circumstances, is unavailing here with respect to defendant's jurisdictional claims. 11 C. Wright, et al., Federal Practice and Procedure § 2864, at 357, 359-60 (2d ed. 1995) (it is generally not permissible to use Rule 60(b)(6) to remedy failure to appeal; if reasons for seeking relief could have been considered before, then motion will be granted only when extraordinary circumstances are present).

In any event, defendant's standing argument has no merit because it relies on the definition of "family and household members" that was abandoned in 1992 when 15 V.S.A. § 1101(2) was amended. See 1991, No. 135 (Adj. Sess.), § 14. Under the amended statute, the term "family members" is not defined and thus retains its plain and commonly accepted meaning. See *Shetland Properties, Inc. v.*

*Town of Poultney*, 145 Vt. 189, 194, 484 A.2d 929, 932 (1984).

Finally, even assuming Rule 60(b) is an acceptable avenue of relief for defendant's double jeopardy argument, the argument is without merit. While there are criminal consequences for violating relief-from-abuse orders, the abuse-prevention proceeding itself is unquestionably civil and remedial rather than punitive in nature. See *Rapp v. Dimino*, 162 Vt. 1, 4, 643 A.2d 835, 836 (1993) (Vermont's abuse-prevention statute "is designed to provide immediate relief to victims of domestic abuse"); 15 V.S.A. § 1103(b), (c) (plaintiff shall have burden of proving abuse by *preponderance* of evidence; relief available to complainant is injunctive in nature). Therefore, the issuance of an abuse-prevention order based on an incident for which the abuser was acquitted of criminal charges does not violate double jeopardy. Cf. *State v. Strong*, 158 Vt. 56, 60, 63, 605 A.2d 510, 512, 514 (1992) (issue of whether defendant was twice punished for same conduct turns on whether court action is properly categorized as remedial or as deterrence and retribution; license suspension proceeding is not criminal prosecution for purposes of double jeopardy because Legislature intended license suspension to be civil proceeding, rules of civil procedure apply, civil evidentiary standard of proof applies, and no criminal sanction is imposed through the proceeding). Defendant's acquittal of domestic assault charges under a beyond-a-reasonable-doubt standard did not preclude the family court, under a preponderance-of-the-evidence standard, from extending an abuse-prevention order to protect the complainant's safety, even though the same conduct led to the order and the criminal charges.

*Affirmed.*