## Cynthia ZAMBITO-AUSTIN v. Dennis JORDAN

[732 A.2d 747]

No. 98-206

May 7, 1999. Two Vermont orders, issued in 1983 and 1984, terminated defendant's obligation under an earlier Pennsylvania order to pay child support to plaintiff for the parties' minor child. In 1995, the Office of Child Support brought this action under V.R.C.P. 60(b) for relief from the judgments on the ground that the Vermont court did not have jurisdiction in 1983 and 1984 to enter the judgments. The magistrate agreed, vacated the two Vermont orders, reinstated a previous Pennsylvania child support order, and calculated an arrearage for over ten years of child support. The family court affirmed the magistrate's decision. We reverse.

Although unartfully drafted, defendant's pro se brief argues that the V.R.C.P. 60(b) motion was not filed within a reasonable time after the entry of judgment in 1983 and 1984. He maintains that (1) some of the records to support his case are no longer in existence and (2) he gave up all rights to visitation with his child in exchange for termination of his child support obligation, which cannot be remedied so many years after the fact. The Office of Child Support provides no grounds under V.R.C.P. 60(b) for setting aside the 1983 and 1984 orders and presents no argument on the lengthy delay in seeking relief. It maintains merely that the Vermont court had no subject-matter jurisdiction in 1983 and 1984 to vacate or modify the pre-existing Pennsylvania child support order.

V.R.C.P. 60(b) governs motions for relief from a final judgment. The rule sets forth six reasons for which the court may relieve a party from final judgment. For the first three reasons, the motion must be filed within one year after entry of the judgment. Thus, the Office of Child Support cannot proceed under any of these subsections. See *Donley v. Donley*, 165 Vt. 619, 619, 686 A.2d 943, 945 (1996) (mem.). For the other three reasons, the motion must be filed "within a reasonable time." V.R.C.P. 60(b). Thus, the Office of Child Support must show that its motion is based on one of these three reasons and that the motion is brought within a reasonable time. See *id.*

Generally, a V.R.C.P. 60(b) motion is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless it clearly appears that the court abused its discretion. See *Martin v. Martin*, 154 Vt. 651, 651, 578 A.2d 110, 111 (1990) (mem.). In this case, neither the magistrate nor the family court addressed V.R.C.P. 60(b). We do not remand for the magistrate to exercise this discretion, however, because it was unreasonable as a matter of law to wait over ten years, absent any adequate explanation, to seek to set aside the 1983 and 1984 judgments. Compare *id.* at 651, 578 A.2d at 111 (V.R.C.P. 60(b)(6) motion filed two years after final decree and after motion for contempt was untimely); *Burroughs v. Burroughs*, 132 Vt. 34, 37, 316 A.2d 522, 523 (1973) (four years is not reasonable time in which to seek relief from final divorce decree that did not order any alimony) with *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365, 369, 543 A.2d 1320, 1323 (1988) (several year delay from trial court decision not unreasonable where defendant pursued appeal to United States Supreme Court and filed motion within two months of entry of that judgment). The Office of Child Support presents no explanation for the lengthy delay.

Moreover, the Office of Child Support sets forth no reason under V.R.C.P. 60(b) for relief from judgment. It merely maintains that the Vermont court lacked subject-matter jurisdiction to enter the 1983 and 1984 orders. Jurisdictional claims should generally be brought by timely appeal; V.R.C.P. 60(b) is not intended to substitute for such an appeal. See *Donley*, 165 Vt. at 619, 686 A.2d at 945. A judgment is not void on jurisdictional grounds when a party had an opportunity to contest those grounds but failed to do so. See *id.* at 620, 686 A.2d at 945; see also *In re B.C.*, 169 Vt. 1, 7, 726 A.2d 45, 50 (1999) (judgment is not void for lack of subject-matter jurisdiction under V.R.C.P. 60(b)(4) unless court lacked jurisdiction over entire category of cases). Because the V.R.C.P. 60(b) motion fails to set forth any reason for relief recognized by the rule and because it was not brought within a reasonable time, it was an abuse of discretion to set aside the 1983 and 1984 orders.

*Reversed.*

Motion for reargument denied June 14, 1999.