*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-122

DECEMBER TERM, 2014

| | | |
|---|---|---|
| Andrew T. Mayer | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Veronica E. Boord | } | DOCKET NO. 37-10-13 Ansa |

Trial Judges: Linda Levitt &
Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant appeals a civil stalking order. We affirm.

Plaintiff requested a protection order under the civil stalking statute against defendant. Plaintiff alleged that defendant had repeatedly called him and left voice mail messages, as many as sixty-three in one day. Plaintiff also alleged that defendant sent him numerous faxes, emails and letters. He stated that the content was disturbing and he felt threatened. The complaint and hearing notice were served on defendant. Defendant, who lives out of state, did not appear at the final hearing. The court granted the order in November 2013, finding that defendant stalked plaintiff by engaging in threatening behavior. Defendant was not successfully served with the final order until February 2014. That same month, defendant filed a motion to vacate the order. The court held a hearing on the matter. Defendant appeared by telephone at the hearing and requested that the order be vacated, alleging that plaintiff had a different name from that in the complaint, was a vulnerable adult, and was being abused by women hiding in his home. The court denied the motion to vacate. Defendant subsequently moved for reconsideration, asking that plaintiff be required to produce his driver's license as identification. The court denied the motion, and defendant appealed.

A person may request an order against stalking by submitting a complaint and supporting affidavit. 12 V.S.A. § 5133(a); V.R.C.P. 80.10(b). An order may be granted only after notice to defendant and a hearing, and the plaintiff has the burden of proving by preponderance of the evidence that the defendant stalked the plaintiff. 12 V.S.A. § 5133(b).

Defendant first argues that it was error to grant the order in this case because plaintiff did not produce sufficient evidence to demonstrate stalking. Under the statute, stalking occurs when a person engages "in a course of conduct which consists of . . . threatening behavior directed at a specific person . . . , and [the conduct] (A) serves no legitimate purpose; and (B) would cause a reasonable person to fear for his or her safety or would cause a reasonable person substantial emotional distress." Id. § 5131. Defendant has not ordered a transcript of the merits hearing that preceded issuance of the final stalking order. Without a transcript, this Court must assume that

the court's findings are supported by sufficient evidence. V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review.").

In any event, because defendant's appeal is from denial of a motion to vacate the order and not a direct appeal from the protection order itself, it is more akin to a motion for relief from judgment under Rule of Civil Procedure 60(b). 12 V.S.A. § 5136(a) (stating that rules of civil procedure apply to court proceedings under civil stalking statute); accord V.R.C.P. 80.10(a); see Donley v. Donley, 165 Vt. 619, 619-20 (1996) (mem.) (explaining that where defendant seeks to set aside final abuse order, he must satisfy Rule 60(b)). The trial court has discretion in deciding whether to grant relief under Rule 60(b), and this Court will affirm unless that discretion was withheld or abused. Richwagen v. Richwagen, 153 Vt. 1, 3-4 (1989).

Defendant asserts the protection order should be vacated because plaintiff did not produce a driver's license identification and did not swear to filings, essentially that the order was based on fraud or misrepresentation. See V.R.C.P. 60(b)(3) (setting forth that party may move for relief from judgment based on fraud or misrepresentation). Defendant has not shown that the court abused its discretion in denying her motion to vacate on this basis. As to the need for identification, plaintiff's presence at the hearing and testimony under oath was sufficient to establish his identity. Plaintiff was under no obligation to produce photographic identification. Because defendant has not ordered a transcript of the merits hearing, there is no record of the testimony given by plaintiff and this Court must assume that plaintiff was properly sworn in at that hearing. See V.R.A.P. 10(b)(1). Further, defendant has failed to show that the pleadings were improper. Plaintiff's request for a protection order was accompanied by an affidavit as required by the statute, 12 V.S.A. § 5133(a), and the affidavit is properly signed by both plaintiff and a notary. The court did not abuse its discretion in denying defendant's motion to vacate the protection order.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice