STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Geddes PUD Conditional Use Application | } | Docket No. 293-12-08 Vtec |
|    (Appeal of Lindala) | } |  |
|  | } |  |

Decision and Order on Appellee-Applicants' Motion for Summary Judgment

Appellant Roger Lindala appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bakersfield approving Appellee-Applicants Gary and Gloria Geddes' application for conditional use approval of their Planned Unit Development (PUD). Appellant Lindala has appeared and represents himself; Appellee-Applicants Gary and Gloria Geddes (Applicants) are represented by Joseph F. Cahill, Esq. Interested Parties Michael Curry and Deborah MacFarlane are represented by Thomas G. Walsh, Esq., but have not filed memoranda on the current motion. The Town of Bakersfield has not entered an appearance.

Applicants have moved for summary judgment on all five questions in the Statement of Questions. The following facts are undisputed unless otherwise noted, including some facts found as undisputed in the August 22, 2008 summary judgment decision in Docket No. 101-5-07, to the extent helpful to understand the procedural history of this conditional use application.

Applicants own an approximately 100-acre parcel of property located at 1697 Egypt Road in the Town of Bakersfield, in the Rural zoning district. Appellant Lindala owns property adjacent to and southeasterly of Applicants' property. Applicants obtained sketch plan approval in November of 2005 for a conventional nine-lot subdivision consisting of seven ten-acre lots and two thirteen-acre lots, as well as a separate lot of approximately

1

four acres consisting of the land lying under the subdivision roadway right-of-way. At that time, the Planning Commission suggested there might be a possibility of redesigning the project as a clustered development so that Applicants could develop the same number of building lots, but on smaller parcels, either retaining the remaining land in some way protected from development or conveying it to the eventual lot owners as common land.

In 2006 Applicants therefore submitted a new subdivision application and site plan (the 2006 Application), together with a draft Declaration of Planned Community (Declaration), which was the subject of Docket No. 101-5-07 Vtec. The site plan showed nine lots, ranging from 29.4 acres down to 4.6 acres in size, with smaller apparent building envelopes, and with 65.3 acres shown as "open space/common land." It was unclear from the site plan provided with the motions in Docket No. 101-5-07 Vtec as to how the "open space/common land" was intended to be treated. The "open space/common land" as shown on the site plan appeared to be comprised of portions of the individual lot areas, although § 6.01(a) of the proposed Declaration defined the 65.3 acres shown as "open space/common land" as making up the "common elements" of the planned community. That ambiguity has not been resolved in the materials provided in connection with the motions in the present appeal.

The 2006 application had been considered by the Planning Commission both as a major subdivision and as a planned residential development. The Planning Commission approved the project, with six conditions. The Planning Commission decision recognized that the project differed from an application for a conventional subdivision in its proposal for reduced-size lots, limited building envelopes, and areas designated as open space or common land, but did not mention the reduced frontage proposed for Lot 3.

This Court's August 22, 2008 summary judgment decision in Docket No. 101-5-07 Vtec noted that the term "planned unit development" was defined in § 849 of the 2006

2

Zoning Bylaws[1] in terms of the statutory definition, 24 V.S.A. § 4303(19), which in turn encompasses the all-residential type of development that formerly had been defined by the term "planned residential development" under the former statute and bylaws. See generally 24 V.S.A. § 4417; In re Dodge Farm Community, LLC, Concept Plan, Docket No. 155-7-07 Vtec, slip op. at 3 n.1 (Vt. Envtl. Ct. Mar. 24, 2008) (Wright, J.). In its summary judgment decision in Docket No. 101-5-07 Vtec, the Court made it clear that § 303.6.3 of the Zoning Bylaws requires a Planned Unit Development to obtain conditional use approval from the Zoning Board of Adjustment, independently of obtaining the approvals within the jurisdiction of the Planning Commission that were the subject of Docket No. 101-5-07 Vtec.

Following issuance of the summary judgment decision in Docket No. 101-5-07 Vtec, on September 19, 2008, Applicants applied for conditional use approval under § 303.6.3.[2] The ZBA's decision on that application is the subject of the present appeal. The only conditions imposed by the ZBA were that the Planning Commission deal with the waiver request for the insufficient road frontage of Lot 3 (or that, if the lot is sold, that the owner apply for a variance regarding the insufficient frontage before constructing a residence).

The Town of Bakersfield has since adopted a new zoning ordinance. As the new ordinance differs substantially from the old one, Applicants had the choice to reapply under the new zoning ordinance if they wished to do so. Under 24 V.S.A. § 4449(d), the 2006 ordinance remains applicable as of the September 19, 2008 date of the conditional use application, as the new ordinance was not noticed for public hearing until after that date.

---

[1] All citations to section numbers refer to sections of the 2006 Zoning Bylaws unless otherwise noted.

[2] The Court notes that the application to the ZBA for conditional use approval provided in the present appeal as Appellee-Applicants' Exhibit 2 also contains requests for waivers for lot sizes and for the frontage of Lot 3. These requested waivers are not within the jurisdiction of the ZBA in conditional use approval, but are instead the province of the Planning Commission. See § 402.2.

<u>Question 1 of the Statement of Questions</u>

Question 1 of the Statement of Questions asks "[w]hether the application can be considered for Conditional Use under [§] 303.6.3 of the bylaws, specifically with respect to its being organized as a PUD, and whether the statutory standards alone are adequate to decide the suitability of the subdivision."

This issue was resolved in the August 22, 2008 summary judgment decision in Docket No. 101-5-07 Vtec, with respect to conditional use review, under the 2006 Zoning Bylaws, as follows:

> The 2006 Zoning Bylaws allocate . . . conditional use review to the Zoning Board of Adjustment, § 200.3.1. . . . . Oddly, however, the Zoning Bylaws are completely devoid of standards or criteria for the task[] of . . . conditional use review.
>
> With respect to conditional use review, the statutory general standards now contained in 24 V.S.A. § 4414(3)(A) govern conditional use review, whether or not those standards have been written into the particular town's ordinance. <u>In re Application of White</u>, 155 Vt. 612, 618–19 ([1990]); <u>Richards v. Nowicki</u>, 172 Vt. 142 (2001); <u>In re John A. Russell Corp.</u>, 2003 VT 93, ¶¶ 25–28, 175 Vt. 520, 525–26. Thus, even though it would be better practice for the Zoning Bylaws to contain the standards for conditional use review, in the absence of those standards the ZBA could proceed with a conditional use review application by applying the statutory review criteria.

Accordingly, summary judgment is GRANTED to Applicants on Question 1 of the Statement of Questions. The subdivision may be considered for conditional use approval by the ZBA, and by this Court in this <u>de</u> <u>novo</u> appeal, as a Planned Unit Development, using the statutory standards for conditional use approval.[3]

---

[3] If Applicants now prefer to have the application addressed under the 2009 Zoning Bylaws, they shall so state in writing on or before April 29, 2009, so that both appeals could be remanded, scheduled, and ruled upon by the Planning Commission and ZBA in time to use the already-scheduled date of August 19, 2009, for the trial of any subsequent appeal. The 2009 Bylaws now contain standards for the Planning Commission's review of PUDs,

Question 2 of the Statement of Questions

Question 2 asks "whether the Conditional Use can be accepted in that its conditions do not address the application['s] failure to meet the ([§] 303.6) Objectives of the Rural District." It is not entirely clear what Appellant means by the word "accepted" in Question 2; for the purposes of this motion the Court will assume that he means "approved."

Because this proceeding on appeal is de novo, it will be for the Court to determine whether the project qualifies for conditional use approval, and, if so, what conditions, if any, should be imposed. The affidavit of Applicants' engineer provides facts (incorporated by reference from Docket No. 101-5-07 Vtec), as well as the engineer's opinion, in support of the project's compliance with the requirements of § 303.6.1 of the 2006 Zoning Bylaws. As discussed in the August 22, 2008 decision in Docket No. 101-5-07 Vtec, the party opposing a motion for summary judgment may not rest on mere allegations or merely deny the adverse party's statement of material facts. Rather, the adverse party must lay out specific facts, supported by evidence, showing a need for trial. Field v. Costa, 2008 VT 75, ¶ 14 (citing V.R.C.P. 56(e)).

To oppose Applicants' motion for summary judgment on Question 2, Appellant has asserted several specific facts regarding whether the proposal meets the requirements of § 303.6.1, or to show a need for a trial on this issue. These facts pertain to the potential or proposed building placement (not shown on the site plan), the nature of the common open land and its restrictions (about which the August 22, 2008 decision in Docket No. 101-5-07 Vtec noted ambiguities), and the alternate plan that would require multiple driveways from Egypt Road.

Because material facts are in dispute, or at least have not been provided to the Court,

---

and also contain more specificity regarding the ZBA's application of the five statutory standards for conditional use review.

regarding the proposed project's design and therefore its compliance with § 303.6.1, summary judgment is DENIED. Question 2 remains for trial.

Question 3 of the Statement of Questions

Question 3 raises two issues as to the Declaration: whether it is a "lawful instrument," and whether it is "adequate to mitigate the effects of the development where the development does not meet the ([§] 303.6.4) minimum lot size requirements of the Bylaws."

As discussed in the August 22, 2008 summary judgment decision in Docket No. 101-5-07 Vtec, this Court does not have subject matter jurisdiction over issues arising under Title 27A of the Vermont Statutes, relating to whether the Declaration is a "lawful instrument." This Court has statewide jurisdiction to hear certain matters specified by statute. 4 V.S.A. § 1001(b), 10 V.S.A. § 8504. As with regard to Questions 8 and 9 of Docket No. 101-5-07 Vtec, to the extent that Question 3 raises an issue beyond this Court's subject matter jurisdiction, that issue must be dismissed.

The remainder of Question 3 raises a legitimate issue within the scope of conditional use approval and remains for trial: whether conditions imposed by the ZBA regarding the Declaration are adequate to meet the conditional use criteria, in particular those criteria governing the character of the area, and the bylaws in effect (with regard to minimum lot size).

Questions 4 and 5 of the Statement of Questions

Questions 4 and 5 ask whether additional conditions are necessary under § 402.2, to avoid "nullifying the intent and purpose" of the Bylaws (specifically § 303.6) and to "secure substantially" the objectives of the Bylaws (specifically § 303.6).

The quoted sections of § 402.2 are from the section of the subdivision regulations

6

allowing the Planning Commission to waive or vary any inappropriate or unnecessary improvements (or application submission requirements). Section 402.2 only applies to the Planning Commission's (and hence this Court's) task regarding lot size waiver (in Docket No. 101-5-07 Vtec), as well as the remaining task of the Planning Commission regarding waiver of the frontage for Lot 3. Section 402.2 does not apply to the present case, in which the Court sits in place of the ZBA to rule on conditional use approval of the project.

Accordingly, based on the foregoing, it is ORDERED and ADJUDGED that Applicant's Motion for Summary Judgment is GRANTED as to Questions 1, 4, and 5, which are DISMISSED; Applicant's Motion for Summary Judgment is GRANTED in PART and DENIED in PART, as discussed above, as to Question 3; and Applicant's Motion for Summary Judgment is DENIED, as discussed above, as to Question 2.

With respect to the issues remaining from Questions 2 and 3 for trial, what is at issue in the present appeal is whether these or different conditions should be imposed de novo by the Court on the merits of the conditional use application. These issues and the remaining issues in Docket No. 101-5-07 Vtec are scheduled to be tried together on August 19, 2009. Please note the deadline in footnote 3, above, so that the Court can keep to the scheduled trial date. The final pretrial conference remains scheduled for August 6, 2009; please advise the Court if the parties request any earlier pretrial conference.

Done at Berlin, Vermont, this 21st day of April, 2009.

_____
Merideth Wright
Environmental Judge