2003 VT 38

**Melissa Ann McGuire IHINGER v. Eddie L. IHINGER, Jr.**

[824 A.2d 601]

No. 01-236

¶ 1. April 1, 2003. Melissa and Eddie Ihinger's three children appeal a decision by the Addison Family Court vacating a temporary order transferring custody of the children from Melissa to the children's maternal grandmother, Alberta Wedge. We conclude that the children do not have standing to appeal the family

court's order, and therefore dismiss the appeal.[1]

¶ 2. Melissa and Eddie Ihinger were granted a divorce in Vermont in 1995. Since 1986, their relationship has been characterized by cycles of estrangement and reconciliation. At various times during the parties' relationship, Melissa and the children have resided with Wedge in Vermont, and later in North Carolina. The record reflects that Wedge has played an important caretaking role in the lives of her grandchildren, and that she has voiced concern over Melissa and Eddie's lack of stability.

¶ 3. In January 2001, Melissa and Wedge stipulated to transfer custody of the children to Wedge, alleging Melissa and Eddie's unpredictable and cyclical relationship had been harmful to the children. The family court entered an order temporarily granting legal and physical custody of the children to Wedge in North Carolina. The court also appointed a guardian ad litem and an attorney to represent the children's best interests. In March 2001, Eddie filed a motion to dissolve the temporary custody order. By the time the court heard Eddie's motion, he and Melissa had reconciled, and they both expressed a desire to regain custody of their children.

¶ 4. In an April 2001 decision, the family court concluded that it did not have jurisdiction to entertain Wedge's motion to modify parental rights and responsibilities. It rejected Wedge's argument that her past custody of the children gave her party status in the proceeding equal to that of Melissa and Eddie. The court therefore dismissed Wedge's motion to modify, "dissolved" the January 2001 temporary custody order, and returned sole physical and legal custody of the children to their mother, Melissa.

---

[1] Justice Morse was present when the case was submitted on the briefs but did not participate in this decision.

Through their court-appointed counsel, the children appealed to this Court.

¶ 5. The children's principal claim on appeal concerns Wedge's standing to seek modification of the order granting Melissa custody. We note that Wedge did not file a notice of appeal, nor has she filed a brief supporting the arguments the children advance in this Court. Melissa opposes her children's appeal, and argues that we lack jurisdiction over this matter because the children were not parties to the divorce proceeding below, and therefore they have no standing to appeal the family court's order.[2] The children have not articulated a basis for this Court's jurisdiction or otherwise responded to their mother's jurisdictional argument. Because standing is a jurisdictional issue, we must first determine the merits of Melissa's threshold argument. *Cooperative Fire Ins. Ass'n of Vt. v. Bizon,* 166 Vt. 326, 330 n.3, 693 A.2d 722, 725 n.3 (1997).

¶ 6. "Ordinarily, a party may appeal if the party has some legal interest which may be, by the judgment appealed from, either enlarged or diminished." *Id.* at 330-31, 693 A.2d at 725. Moreover, because of their party status, a third party and an intervenor also may appeal any issue decided below which adversely affects their interests. See *id.* at 331, 693 A.2d at 725; see also *Marino v. Ortiz,* 484 U.S. 301, 304 (1988) (per curiam) (only parties to a lawsuit, including those who intervened, may appeal an adverse judgment). Thus, unless the Ihinger children had party status in the divorce proceeding below, they have no standing to appeal.

¶ 7. Although minor children are affected by the decisions courts must make concerning parental rights and responsibilities in the course of divorce proceedings, minor children are not normally

parties to such proceedings. 2 H. Clark, The Law of Domestic Relations in the United States § 15.2, at 77 (2d ed. 1987) (children of marriage are not usually parties to the divorce action); Note, *Balancing Children's Rights into the Divorce Decision,* 13 Vt. L. Rev. 531, 561 (1989) ("Despite the strong infringement on a child's interests implicit in divorce, the law currently does not consider children to be affected parties."). Divorce is a creature of legislative enactment, and courts may adjudicate matters in a divorce only in accordance with statute. *Gerdel v. Gerdel,* 132 Vt. 58, 61, 313 A.2d 8, 9-10 (1973). We examine the statutes governing divorce proceedings in pari materia to ascertain and give effect to the Legislature's intent. *Beaudry v. Beaudry,* 132 Vt. 53, 56, 312 A.2d 920, 924 (1973).

¶ 8. The reference to "parties" in the divorce statutes indicate that the Vermont Legislature did not intend for the minor children of divorcing parents to be statutory parties in the divorce proceeding. See, e.g., 15 V.S.A. § 592 (a complaint for divorce may be brought *"if either party to the marriage"* has lived in Vermont for at least six months) (emphasis added); *id.* § 665(a) (in a divorce action, "the court shall make an order concerning parental rights and responsibilities of any minor child *of the parties.*") (emphasis added); see also, Reporter's Notes, V.R.F.P. 7 (state's principal interest in divorce proceedings involving minor children is "to protect the best interests of *nonparties — the children*") (emphasis added). Rather than grant minor children party status to every divorce action, the Vermont Legislature has devised alternative means by which children's interests are protected during a divorce. The court has the discretion to appoint a guardian ad litem and an attorney for the children to assure the children's best interests are met. 15 V.S.A. §§ 594, 669; V.R.F.P. 7. Under certain circumstances, the court may permit a child to be a wit-

_____
[2] The children's father, Eddie Ihinger, Jr., did not file a brief in this Court.

ness in the proceeding as well. 15 V.S.A. § 594(b). Thus, while the Legislature has provided a mechanism to assure that children's best interests are accounted for in an action for divorce, it has not gone so far as to give children full party status with its attendant rights of appeal.

¶ 9. We note that other states have resolved the question about the party status of minor children of divorcing parents by enacting legislation or promulgating rules addressing the issue. See, e.g., Ohio R. Civ. Pro. 75(B)(2) (2002) (when it is essential to protect interests of a child in a divorce proceeding involving child's parents, court may join child as party defendant); N.Y. Fam. Ct. Law § 1120(b) (2003) (law guardian for minor child in domestic relations proceeding must continue with appointment without further court order if guardian appeals on child's behalf); Wis. Stat. Ann. § 767.045(5) (2002) (guardian ad litem for child in divorce action may appeal, participate in an appeal, or do neither).

¶ 10. Although children are not statutory parties to a divorce action involving their parents, they may still become parties if they meet the usual standards governing intervention. Rule 24 of the Vermont Rules of Civil Procedure sets forth the criteria for obtaining party status through a timely application for intervention. V.R.C.P. 24. Rule 24 is applicable in proceedings like the present one by way of Rule 4 of the Vermont Rules of Family Proceedings. See V.R.F.P. 4(a) (Rules of Civil Procedure apply to divorce and legal separation proceedings, except as modified by Rule 4). In this case, neither the children's attorney nor the guardian ad litem appointed to represent the children's best interests sought intervention for the children in the proceeding below. Therefore, the children cannot be considered intervening parties with a right to appeal.

¶ 11. Accordingly, because the children lack party status in this proceeding, their notice of appeal was ineffective to confer jurisdiction on this Court. We must, therefore, dismiss the appeal for lack of jurisdiction.

*Appeal dismissed.*