2007 VT 22

## TOWN OF WASHINGTON v. Bernard C. EMMONS and Theresa A. Emmons

[925 A.2d 1002]

No. 06-105

¶ 1. March 29, 2007. Bernard Emmons appeals the denial of a motion for relief from judgment, contending that the trial court lacked jurisdiction to impose the judgment in the first place because plaintiff Town lacked standing to initiate the case. Accordingly, argues Mr. Emmons, the trial court abused its discretion in refusing to grant relief from a settlement ultimately agreed upon between him, acting as a pro se defendant, and the Town. We affirm.

¶ 2. The Town of Washington brought suit against Bernard and Theresa Emmons in 2001 to compel them to clean up junk motor vehicles and other solid waste stored on their property and encroaching on an adjacent public right-of-way. Some seven years earlier, in 1994, the Vermont Transportation Board obtained a permanent injunction against the Emmonses' interference with the highway and their use of the site as an illegal junkyard.[1] At about the same time,

the Vermont Agency of Natural Resources issued an administrative order requiring that the Emmonses desist from operating a commercial solid waste facility at the site without a permit, that they remove and properly dispose of all of the material dumped there, and that they pay a $10,000 fine.[2] Although not a party to either proceeding, the Town, as part of its 2001 complaint against the Emmonses, alleged violations and sought enforcement of the injunction and the administrative order, and sought an order and reimbursement for Town abatement of public-health hazards allegedly caused by the illegal dump operations.

¶ 3. The Emmonses never disputed the Town's allegations of their past and continuing violation of those orders and the solid waste storage laws. Acting pro se, the Emmonses entered into a stipulation with the Town in July 2002, reduced to a court order, in which they agreed to remove certain materials from their property or be subject to a civil penalty of $50 per day for noncompliance. After failing to meet the terms of that agreement, Mr. Emmons signed a second stipulation in February 2004, also reduced to court order, in which he acknowledged that ongoing noncompliance rendered the Emmonses liable for up to $26,550 in penalties, and further agreed that, if the property was not cleaned up by July 2004, as promised, judgment would be entered against them in the amount of $33,450. The court subsequently entered judgment for the Town for $33,450 on August 3, 2004.

¶ 4. More than a year later, after consulting with an attorney, the Emmonses filed a motion for relief from judgment pursuant to Vermont Rule of Civil Procedure 60(b). The motion alleged that the

---

[1] *Vt. Transp. Bd. v. Emmons,* Docket No. S6-94 OeC (Teachout, J.) (Apr. 18, 1994).

[2] *Sec'y, Agency of Natural Res. v. Emmons,* Admin. Order (Feb. 1, 1994).

Town did not have standing to bring the original action, and the court did not have authority to award a civil penalty to the Town. The motion was granted on other grounds as to Theresa Emmons but denied as to Bernard Emmons. Mr. Emmons appealed.[3]

¶ 5. Mr. Emmons' principal argument in his Rule 60(b) motion, and in this appeal, is that the Town lacked standing to enforce the two previous orders when the Town had no party status in those proceedings. See *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997) ("The prudential elements of standing include the general prohibition on a litigant's raising another person's legal rights ...."). Furthermore, according to Emmons, both prior actions were brought under statutes with enforcement authorization specifically assigned to state agencies which should be construed to exclude enforcement by all others, including municipalities. Emmons correctly points out that the administrative order was issued pursuant to authority granted the Secretary of the Agency of Natural Resources in Title 10, under which only the Secretary (represented by the Attorney General) may enforce such orders. See 10 V.S.A. §§ 8003, 8221 (providing that the Secretary may take action to enforce statutes including those related to solid waste and providing that civil enforcement actions shall be brought by the Attorney Gen-

eral). Emmons also notes that the Transportation Board's action was brought pursuant to 24 V.S.A. § 2243, which grants authority to the Agency of Transportation[4] to enjoin the operation of junkyards that are in violation of state law and "obtain compliance with its orders ... by a petition to the superior court." In the absence of standing by the Town, says Emmons, the court lacked jurisdiction to enter judgment. See *Ihinger v. Ihinger*, 2003 VT 38, ¶¶ 5, 11, 175 Vt. 520, 824 A.2d 601 (mem.) ("standing is a jurisdictional issue"). Accepting, arguendo, that the Town lacked standing to bring this case, we nevertheless find that Emmons is barred from raising that issue in a Rule 60(b) motion.[5]

¶ 6. Mr. Emmons' motion for relief from judgment, having been filed more than a year after judgment was entered, is limited to consideration under Rule 60(b) subsections (4) (judgment is void), (5) (judgment has been satisfied), and (6) (any other reason justifying relief). See V.R.C.P. 60(b) ("The motion shall be

---

[3] Both Mr. and Mrs. Emmons are listed on the notice of appeal. However, the basis for Mrs. Emmons' appeal is unclear as all of the appellants' arguments focus on the denial of relief from judgment as to Mr. Emmons (Mrs. Emmons passed away during the pendency of this appeal). We therefore refer to all of the appellants' arguments as those of Mr. Emmons.

[4] The statute was amended in 1994, changing "transportation board" to "agency of transportation." 1993, No. 172 (Adj. Sess.), § 31.

[5] The Town argues that other claims in its complaint may be read more liberally as asserting a general complaint for enforcement and cost recovery to vindicate municipal health and safety laws, which the Town is authorized to enforce under state law. See 24 V.S.A. §§ 2121 (granting municipalities power to seek injunction for public nuisances), 2291(12) (providing municipalities power to "regulate or prohibit the storage or dumping of solid waste"), 2297a (empowering municipalities with enforcement of solid waste ordinances). In light of our holding, we need not reach this argument.

made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Emmons cites several cases for the proposition that jurisdictional defects, including standing, may be raised at any time and are a basis for voiding the judgment. E.g., *Ihinger*, 2003 VT 38, ¶ 11 (dismissing appeal where appellants lacked standing). The cases cited, however, deal only with direct appeals; they do not address Rule 60(b) collateral attacks upon a judgment. We have previously determined that a party may not collaterally attack a judgment on jurisdictional grounds through Rule 60(b)(4). See *Donley v. Donley*, 165 Vt. 619, 620, 686 A.2d 943, 945 (1996) (mem.) ("A judgment is not void on standing or jurisdictional grounds when a party had a prior opportunity to contest on those grounds but failed to do so.").

¶ 7. Mr. Emmons argues for liberal application of Rule 60(b)(6) to grant relief from a judgment he says is unjust under the circumstances. See *Cliche v. Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983) ("[Rule] 60(b)(6) is, by its very nature, invoked to prevent hardship or injustice and thus is to be liberally construed and applied."). Emmons alleges injustice for imposition of a judgment that he agreed to when he was apparently unaware of the potential problems with the Town's case. We begin by noting that Emmons' pro se status at the time of the agreements and judgment is not dispositive. Unlike cases in which we have found pro se status determinative to granting a Rule 60(b)(6) motion, this case is not one in which a party was taken advantage of by strict application of rules of procedure. See, e.g., *Bingham v. Tenney*, 154 Vt. 96, 101-02, 573 A.2d 1185, 1187-88 (1990) (reversing denial of relief from summary judgment when pro se party opposed summary judgment with contested facts but failed to file an affidavit); *Vahlteich v. Knott*, 139 Vt. 588, 590-91, 433 A.2d 287, 288-89 (1981) (reversing denial of relief from judgment against a pro se litigant who failed to answer a complaint because a co-defendant's answer purported to speak for both defendants). Pro se, or not, Emmons had the same opportunity as any litigant to contest the Town's standing and the trial court's jurisdiction before stipulating to judgment. The same result obtains as in our analysis under Rule 60(b)(4): simple failure to raise these issues is not an "extraordinary circumstance" justifying relief from judgment under Rule 60(b)(6). *Donley*, 165 Vt. at 620, 686 A.2d at 945 (citing 11 C. Wright, et al., Federal Practice and Procedure § 2864, at 357, 359-60 (2d ed. 1995)).

¶ 8. We will affirm the trial court's ruling on a Rule 60(b)(6) motion unless the record clearly and affirmatively indicates that its discretion was abused or withheld. *Adamson v. Dodge*, 174 Vt. 311, 326, 816 A.2d 455, 468 (2002). We conclude the court's discretion was properly exercised here. We do not find extraordinary circumstances warranting relief by virtue of the imposition of civil penalties, despite the absence of a request for such penalties in the Town's complaint. Contrary to his claim of insufficient notice of the possibility of civil penalties amounting to a deprivation of due process, Emmons agreed to such penalties as part of his initial stipulation with the Town. Also unavailing is Emmons' claim that the $10,000 penalty in the administrative order precluded imposition of any additional civil penalty for the "same violation";[6] the argument fails to recognize

---

[6] The imposition of financial penalties as part of an administrative order is provided for by 10 V.S.A. § 8010. That section also provides that "imposition of an

that the order penalized violations occurring as of its 1994 date, and that subsequent solid waste storage violations through 2004 cannot be the same violation as in 1994. In sum, we find no undue hardship or injustice to Mr. Emmons to render the denial of relief from judgment an abuse of discretion.

*Affirmed.*

---

administrative penalty under this section precludes imposition of any other administrative or civil penalty under any other provisions of law for the same violation." *Id.* § 8010(d).