STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 107-9-15 Vtec |

| | |
|---|---|
| SECRETARY, VERMONT AGENCY OF NATURAL RESOURCES, Petitioner,<br><br>v.<br>CHRISTOPHER E. DENIO, LLC,<br>EAST MOUNTAIN MOBILE HOME PARK, LLC,<br>CHRISTOPHER E. DENIO, and<br>DAWN DENIO, Respondents. | DECISION ON MOTION |

**Decision on Motion to Modify Judgment**

This matter came to us following a request for a hearing by Christopher E. Denio, LLC, East Mountain Mobile Home Park, LLC, Christopher E. Denio, and Dawn Denio (Respondents), after the Agency of Natural Resources (ANR) served an Administrative Order (AO) on Respondents for alleged violations of the Vermont Water Supply Rules. We held a merits hearing on May 31, 2016, and issued a Judgment Order on June 7, 2016 affirming the AO and assessing a penalty of $27,000 and costs of $1,497.40 against Respondents.

Respondents filed a Motion to Modify Judgment on June 23, 2016, and ANR filed an opposition to the motion on August 22, 2016.[1] Respondents are represented by A. Jay Kenlan, Esq., and the ANR is represented by Randy J. Miller, II, Esq.

## Discussion

Respondents ask the Court to set aside its June 7, 2016 Judgment Order pursuant to the discretionary power granted by V.R.C.P. 60(b). Respondents assert that they have evidence demonstrating that they have been in compliance with some or all of the rules listed in the AO. They indicate that they shared some or all of this evidence with ANR pre-trial but, due to their lack of sophistication as pro se litigants and unfamiliarity with the rules of the Court, they

---

[1] We granted a motion filed by ANR to allow them additional time to respond to the Motion to Modify, based upon ANR's representation that Respondents chose not to forward a copy of their motion to ANR until nearly a month later, on July 21, 2016.

neglected to appear at trial and present this evidence in their defense. They submit that the failure to put on evidence in support of their case was not a tactical decision.

In their Rule 60(b) motion, Respondents request that the Judgment Order be set aside under the principle of excusable neglect, and to prevent manifest injustice. They ask us to reconvene a hearing to take testimony and evidence concerning their compliance with, or violation of, the water supply rules listed in the AO.[2]

Rule 60(b) contains six separate grounds under which a court may grant relief from judgment. Respondents' brief argues that we should grant them relief under the first and, apparently, the sixth grounds.

We note that Respondents do not offer evidence that has recently come to light and could not reasonably have been discovered prior to trial, which could justify relief from judgment under Rule 60(b)(2). Instead, they offer evidence that has apparently been in their possession or should have been available to them prior to trial.

Rule 60(b)(1) provides relief from judgment on the basis of mistake, inadvertence, surprise, or "excusable neglect." V.R.C.P. 60(b)(1). Respondents' invocation of "manifest injustice" is presumably a call for relief from judgment under Rule 60(b)(6), which allows a Court to grant relief for "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b)(6); see also United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice.") (cited with approval by Riehle v. Tudhope, 171 Vt. 626, 627, (2000)).

Relief is not granted under 60(b)(1) or 60(b)(6) where the "mistake" or "injustice" alleged is the natural result of a tactical decision or free choice made by the moving party at trial. Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (citations omitted).

Following this principle, the "failure to present evidence [does] not . . . provide[] a basis for relief from judgment" under Rule 60(b)(1). Olde & Co. v. Boudreau, 150 Vt. 321, 324 (1988)

---

[2] Respondents have not requested a hearing on their motion. The case law instructs us to hold a hearing when a Rule 60(b) motion requests relief "where there has been a dismissal by default or in the nature of nonsuit." Goshy v. Morey, 149 Vt. 93, 99 (1987). Because that is not the case here—where Mrs. Denio appeared on behalf of all of the Respondents, we held a trial, took evidence, and issued a ruling on the merits—we conclude that there is no need to hold a motion hearing.

(citing Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc., 139 Vt. 433, 436 (1981)). Respondents' argument that they should be given another chance to present evidence is therefore not grounds for granting their motion.

Respondents cite their pro se status as the underlying cause of their failure to appear and introduce evidence. "[A]lthough pro se litigants receive some leeway from the courts, they are still 'bound by the ordinary rules of . . . procedure.'" Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quoting Vahlteich v. Knott, 139 Vt. 588, 591 (1981)).

Simply because a party chooses to represent themselves in litigation and the court rules against them does not automatically warrant setting aside that judgment. Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.) (noting that a party's self-represented status during litigation "is not dispositive" in determining the outcome of a Rule 60(b) motion). Where a party's self-represented status is the primary "cause" set forth to show excusable neglect or manifest injustice, a court may grant the motion if it finds that the party was "taken advantage of by strict application of rules of procedure." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22, 188 Vt. 262 (quoting Emmons, 2007 VT 22, ¶ 7). Otherwise, the court may determine that the decision to proceed pro se was, like the failure to introduce evidence, a tactical decision, voluntarily made, and not grounds for 60(b) relief. Altman v. Altman, 169 Vt. 562, 564 (1999) (mem.).

Respondents do not argue that they were for some reason unable to secure counsel. Indeed, they repeatedly pledged to the Court that they would hire an attorney to represent them and later hired an attorney immediately after we issued out judgment. This suggests that the decision to proceed pro se was a voluntary choice and a tactical decision.

There is also no evidence, or suggestion, that Respondents were taken advantage of by an overly strict application of the rules. Instead, the record shows that we have given Respondents considerable leeway. At a November 16, 2015 hearing, we granted Respondents' request that the Court accept their late filing. In a February 18, 2016 entry order, we granted Respondents' request to continue the merits hearing to allow them additional time to secure an attorney. In that entry order we noted that:

> Several of the Respondents have not yet appeared for any of the Court's telephonic conferences and Mrs. Denio, on behalf of all Respondents, has made

3

several requests for additional time. The Court is concerned that the Respondents are not providing the necessary attention to these alleged violations. We therefore provide warning that additional continuance requests are unlikely to be granted.

Although this continuance was granted to allow Respondents additional time to hire an attorney before trial, they failed to do so.

Based on this, we conclude that Respondents' pro se status and their failure to attend the trial and present evidence were voluntary, tactical decisions that do not provide grounds for setting aside our judgment. We further conclude that we gave Respondents more than sufficient leeway regarding their pro se status, and nothing in the proceeding took unfair advantage of that status to warrant setting aside the judgment. In short, the Court gave Respondents ample opportunity to present their case, and they do not provide a reason why they should be given another opportunity to do so. For these reasons, Respondents' motion is **Denied**.

Electronically signed on November 21, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

4