STATE OF VERMONT

SUPERIOR COURT                                        ENVIRONMENTAL DIVISION
                                                         Docket No. 36-4-20 Vtec

---

Dresner Home Occupation Permit

---

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Appeal from ZA (36-4-20 Vtec)

Title:          Motion to Dismiss (Motion 1)
Filer:          Susan Dresner
Attorney:
Filed Date:     July 1, 2020

Response filed on 07/15/2020 by Attorney Antonietta A. Girardi for party 2 Co-counsel
        Partial Opposition
Response filed on 07/29/2020 by Susan Dresner, Appellee
        Reply

**The motion is GRANTED.**

      This decision addresses Ms. Susan Dresner's (Applicant) motion to dismiss an appeal brought by Wayne Kelly, Debra Kelly, and J. Patrick Frei (together, Appellants) concerning the Town Wallingford Development Review Board's (DRB) decision to approve Applicant's Home Occupation Permit request.[1]  The DRB approved Applicant's permit for short-term rentals at 394 Hounds Hill Lane, Wallingford, Vermont (the Property).  At a status conference before this Court conducted on June 29, 2020, Applicant articulated that she no longer intended to use the Property for short-term rentals.[2]  On July 1, 2020, Applicant filed a motion to dismiss with prejudice.  Appellants partially oppose Applicant's motion, seeking to clarify this Court's authority to dispose of this case in its entirety in contrast to remanding back to the DRB.[3]

      Appellants are represented by David R, Cooper, Esq. and Antonietta A. Girardi, Esq.  Applicant is self-represented.

---

[1]  Appellants have also filed a civil case, Docket No. 161-4-20 Rdcv, that alleges that Applicant's use of the Property for short term rentals constitutes a breach of restrictive real covenants.  See Wayne Kelly ct al. v. Susan Dresner, No. 161-4-10 Rdcv (Vt. Super. Ct. Apr. 7, 2020) (Mello, J.).

[2]  Applicant intends to rent the Property for rental periods of one month or more.

[3]  Appellants also do not concede the issue of mootness raised in Applicant's motion to dismiss.  See Wayne Kelly ct al. v. Susan Dresner, No. 161-4-10 Rdcv (Vt. Super. Ct. June 9, 2020) (Mello, J.) (denying Applicant's motion to dismiss for mootness and granting Applicant leave to file and interlocutory appeal on this issue).

We begin by noting when parties are self-represented, the Court is careful to ensure self-represented litigants are not "taken advantage of by strict application of the rules of procedure." Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.). Although we afford self-represented litigants greater flexibility, "[t]his does not mean that [they] are not bound by the ordinary rules of civil procedure." Vahlteich v. Knott, 139 Vt. 588, 590–91 (1981); In re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 15, 2010) (Durkin, J.).

Presently before the Court is Applicant's motion to dismiss with prejudice. Applicant's motion seems to assert that the DRB will regain jurisdiction over this issue upon this Court's dismissal.[4] Appellants do not object to the dismissal of the appeal but seek to dispose of the case here rather than remand back to a municipal panel.

Here, the most appropriate course of action is to dismiss and conclude this matter, rather than remand to the DRB. Pursuant to V.R.E.C.P. 5(i), this Court has discretion to remand "as a practical tool to allow the specific body that made the determination on appeal to recognize a mistake that it made and request a 'do over.'" In re Irish Construction Application, No. 44-3-08 Vtec, slip op. at 13 (Vt. Envtl. Ct. Apr. 6, 2009) (Durkin, J.). Here, there is no allegation that DRB below made such a mistake or request. This Court may also remand absent a request from the lower tribunal. See In re Maple Tree Place, 156 Vt. 494, 498 (1991) (holding that courts have the inherent authority to issue a remand to a municipal panel); see also V.R.E.C.P. 5(j). It appears Applicant's primary concern in seeking remand to the Town of Wallingford is to allow Applicant to apply for revocation of the permit. This Court, however, also has authority to void the permit. See In re Montpelier WWTF Discharge Permit, No. 22-2-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Aug. 10, 2009) (Durkin, J.) (voiding a permit); In re Losier Variance Application, No. 233-10-08 Vtec, slip op. at 7–9 (Vt. Envtl. Ct. Nov. 05, 2009) (Durkin, J.). In this case, given that all parties have agreed to a dismissal with prejudice, the DRB's lack of request, and this Court's ability to revoke the permit, we find no reason to conclude that remand would be appropriate.

Applicant's motion to dismiss with prejudice is **GRANTED**. Applicant's Home Occupation Permit No. 20-01 is therefore **VOIDED**. A Judgment Order accompanies this decision. This completes the current proceedings before the Court.

So ordered.

Electronically signed on September 02, 2020 at 11:45 AM pursuant to V.R.E.F. 9(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[4] Applicant states that "once proceedings conclude, and the Town has jurisdiction again, [Applicant] will ask that the permit be revoked." Applicant's Motion to Dismiss at 2, filed July 1, 2020.

<u>Notifications</u>:
Municipality Town of Wallingford
David R. Cooper (ERN 4756), Attorney for Appellant Wayne Kelly
David R. Cooper (ERN 4756), Attorney for Appellant Debra Kelly
David R. Cooper (ERN 4756), Attorney for Appellant J. Patrick Frei
Rodney E. McPhee (ERN 3612), Attorney for party 2 Co-counsel
Rodney E. McPhee (ERN 3612), Attorney for party 3 Co-counsel
Rodney E. McPhee (ERN 3612), Attorney for party 4 Co-counsel
Appellee Susan Dresner
Interested Person Robert P. Long
Antonietta A. Girardi (ERN 10270), Attorney for party 2 Co-counsel