VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 22-ENV-00038



| 622 Keyser Hill Road Conditional Use Appeal |
| --- |

## ENTRY REGARDING MOTIONS

Motion:         Motion for Summary Judgment

Filer:          Brice Simon, Attorney for Applicants Michael and Jane Lawton

Filed Date:     November 14, 2023

Memorandum in Opposition to Applicants' Motion for Summary Judgment, filed by Gregory
Jackmauh on December 1, 2023

Reply to Memorandum in Opposition, filed by Attorney Brice Simon on December 8, 2023

Supplemental Memorandum in Opposition, filed by Gregory Jackmauh on December 22, 2023

**The motion is GRANTED IN PART and DENIED IN PART**

This is an appeal of a decision by the Town of Barnet Planning/Zoning Board granting, in part and with conditions, a change of use/conditional use permit for the property located at 622 Keyser Hill Road, Saint Johnsbury, Vermont[1] (the "Property"). Applicants Michael and Jane Lawton ("Applicants") seek approval to operate a non-polluting commercial enterprise which would provide seasonal overnight camping accommodations and outdoor recreation. The original Appellant, David Brody, withdrew from this action with Court approval on October 30, 2023 after settling with the Applicants. Interested Party Gregory Jackmauh did not join the other parties in their settlement and now, as a remaining Interested Person, continues to prosecute the legal issues presented in Mr. Brody's appeal. Presently before the Court is Applicants' motion for summary judgment. Mr. Jackmauh filed objections to Applicants' summary judgment motion.[2]

In this appeal, Attorney Brice Simon represents Applicants. Interested Party Gregory Jackmauh is self-represented.

---

[1] The listed address for the Property says St. Johnsbury, but the Property is located in the Town of Barnet.

[2] Appellants moved for permission to file their December 22, 2023, Supplemental Memorandum in support of the summary judgment motion. Mr. Jackmauh opposed Applicants' motion. By this note, we grant Applicants' supplemental filing request.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(2). The party opposing a motion for summary judgment cannot simply rely on mere allegations to rebut credible evidence but must respond with specific facts that would justify submitting their claims to the factfinder.[3] Robertson, 2004 VT 15, ¶ 15.

## Undisputed Material Facts

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending motion. The following are not specific factual findings relevant outside the scope of this decision on the pending motion. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. Applicants own the property located at 622 Keyser Hill Road in St. Johnsbury Vermont (previously defined as "the Property").

2. Applicants seek approval to operate a non-polluting commercial enterprise which consists of offering seasonal camping and outdoor recreation (the "Project").

3. Applicants seek to construct three tent platforms (structures G, I, and J), a sign (structure M), and an observation deck (structure H). They also seek to convert an old distillery building into a common area with bathroom facilities, laundry, basic kitchen appliances, and TV and Wi-Fi (structure K). Applicants' Ex. D at 4 (Applicant's Zoning Application).

---

[3] Mr. Jackmauh's response to the present motion lacks a formal response to Applicants' statement of undisputed material facts, nor does it contain admissible evidence to dispute Applicants' facts. See V.R.C.P. 56(c)(2). This Court is careful to ensure that self-represented litigants are not taken unfair advantage of by strict application of the rules of procedure. Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586. However, the Court must still enforce the rules of civil procedure and the rules of this Court. Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397. Accordingly, we will consider the facts in Applicants' motion to be undisputed, so long as they are supported by citations to admissible materials.

4.      The tent platforms are the only overnight accommodations proposed. Applicants' Ex. D at 3.

5.      The Property is located primarily in the Low Density Zoning District ("LD") and partially in the Agricultural District ("AG"), as defined by the Town of Barnet Zoning Bylaws ("Bylaws").

6.      Non-polluting commercial enterprises are conditional uses in both the LD and AG Zoning Districts. Applicants' Ex. H (Bylaws) at 13-14.

7.      The Bylaws prohibit non-polluting commercial enterprises within 200 feet of designated bodies of water, including the Water Andric, a stream running through Barnet. Bylaws at § 422.04(A)(9).

8.      The Property is bisected by the Water Andric.

9.      Applicant does not propose any commercial structures within the 200-foot setback of the Water Andric. See Applicants' Ex. D at 3. [4]

10.     Beyond placing no commercial structures in this setback, Applicants agreed to measures to prevent customers from entering the setback. Affidavit of Michael Lawton, filed Nov. 14, 2023; Applicants' Ex. B at 1.

11.     Conditional uses shall not adversely affect "[t]he character of the affected area, as defined by the purpose or purposes of the zoning district within which the project is located…" Bylaws at § 307.01(B).

12.     The purpose of the Low Density District, where the majority of the project is located, is "to protect lands that usually have shallow soils… and to discourage the overdevelopment of soils having poor drainage." Bylaws at 14.

13.     The project is located on an approximately 150-acre parcel of land in rural Vermont. Applicants' Ex. D at 1.

14.     There is no allegation that there are shallow soils or poor draining soils at the Property.

15.     There has been no evidence presented that the Project will cause the overdevelopment of soils, including primary agricultural soils or productive forest soils.

### Statement of Questions

In the Environmental Division, the Statement of Questions provides notice to other parties and this Court of the issues to be determined within the case and limits the scope of the appeal. In

---

[4] The Planning/Zoning Board found that only Structure L was located within the 200-foot setback and denied Applicants' request to convert it to a commercial use. This decision was not appealed, and structure L is no longer part of the Project.

re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.). As filed, the Statement of Questions presents the following Questions for the Court's review:

1.      Is the Application true, accurate and complete?

2.      If the answer to Question #1 is "no," should the Application be rejected?

3.      Are the Applicants entitled to the Requested Permit under the Zoning Bylaws of the Town of Barnet, Vermont as effective August 14, 2018 (the "Zoning Bylaws")?

4.      Is the Requested Permit prohibited by one or more provisions of the Zoning Bylaws?

5.      Is the Requested Permit prohibited by Section 422.04(A)(9) of the Zoning Bylaws, which prohibits a commercial enterprise within 200 feet of the Water Andric?

6.      Is the Requested Permit prohibited by Section 422.04(A)(9) of the Zoning Bylaws, which prohibits a polluting commercial enterprise within 200 feet of the Water Andric?

7.      Is the Requested Permit prohibited by Section 307.01(B) of the Zoning Bylaws, which mandates that a conditional use shall not adversely affect the character of the affected area?

8.      Is the Requested Permit prohibited because the structures in question would constitute a non-permittable "Hotel," which is defined in the Zoning Bylaws (at page 43) as a "building (other than a motel, tourist house, or boarding house) used to provide overnight accommodations, with or without meals, to the public for compensation"?

9.      Is dissenting Board Member Dakota Butterfield correct that the presence of the Applicants' customers within 200 feet of the Water Andric would constitute a "commercial enterprise" prohibited by the Zoning Bylaws, including without limitation Section 422.04(A)(9) thereof?

10.     Is dissenting Board Member Dakota Butterfield correct that the presence of the Applicants' customers within 200 feet of the Water Andric would adversely affect the character of the affected area such that the Requested Permit is prohibited by the Zoning Bylaws, including without limitation Section 307.01(B) thereof?

11.     Is dissenting Board Member Dakota Butterfield correct the Applicants' proposed project would be a polluting commercial enterprise prohibited by the Zoning Bylaws, including without limitation Section 422.04(A)(9) thereof?

12.     Is dissenting Board Member Dakota Butterfield correct that, if the Requested Permit is somehow otherwise lawful under the Zoning Bylaws, there needs to be an express permit condition prohibiting the

presence of the Applicants' customers within 200 feet of the Water Andric?

Statement of Questions, filed April 25, 2022, at 3–4.

<u>Discussion</u>

I.     **Questions 5, 6, 9, 11, and 12: 200-foot setback from Water Andric**

Questions 5, 6, 9, 11, and 12 of the Statement of Questions all relate to the Project's compliance with the 200-foot setback from the Water Andric. Questions 9 and 12 specifically ask whether the presence of customers in the buffer zone violates the setback requirement. Questions 6 and 11 ask whether the Project is a polluting enterprise within the setback.

It is undisputed that there are no commercial structures located within the 200-foot setback. The application lists no uses or activities that would occur within the setback. Further, Applicants have voluntarily agreed to prohibit customers from entering the buffer zone, and to mark off the area with signage.[5] Thus, no aspect of Applicant's proposed commercial enterprise will occur within the setback. Mr. Jackmauh provides no evidence to challenge this conclusion, nor does he demonstrate that the proposed use is a polluting enterprise and that it will encroach into the buffer zone. Accordingly, we conclude that the material facts are not in dispute such that Applicants are entitled to judgment as a matter of law on Questions 5, 6, 9, 11, and 12.

II.    **Questions 7 and 10: Character of the area**

Questions 7 and 10 ask whether the Project will adversely affect the character of the area. Pursuant to the Bylaws, character of the area is defined by the purpose(s) of the zoning district within which the project is located, and the specifically stated policies and standards of the municipal plan. Bylaws § 307.01(B). The stated purpose of the LD District is "to protect lands that usually have shallow soils and other limitations for development, and to discourage the overdevelopment of soils having poor drainage." Bylaws at 14. If the Court determines that a proposed use would have an adverse impact, the Court then looks at whether that adverse impact is undue. <u>Andreen CU Permit</u>, No. 12-2-17 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Mar. 7, 2018) (Walsh, J.).

Applicants argue that there is no adverse effect on the character of the area based on the purposes of the zoning district. The project involves three tent platforms, an observation deck, and the use of an already existing structure. Given the nature and use of these structures, each will have

---

[5] The Court does not conclude whether such prevention is necessary to comply with the 200-foot setback set forth in the Bylaws. Applicants have, however, agreed that such conditions will be a part of their operations such that the Court considers it as a part of the application before it. See Affidavit of Michael Lawton, filed November 14, 2023; Applicants' Ex. B at 1.

minimal impact on soils and make up a small portion of the approximately 150-acre rural property.[6] Mr. Jackmauh offers no evidence to contradict Applicants' presentation that the Project will not have an adverse impact on the character of the area as defined by the Bylaws or to demonstrate that the Project will have an unduly adverse effect on the character of the area in violation of the Bylaws. Accordingly, we conclude that the material facts are not in dispute such that Applicants are entitled to judgment as a matter of law on Questions 7 and 10.

### III.    Question 8: Hotel

Question 8 asks whether the proposed structures are an impermissible hotel, as defined by the Bylaws.  The Bylaws defined a hotel as "[a] building (other than a motel, tourist house, or boarding house) used to provide overnight accommodations, with or without meals, to the public for compensation."  Bylaws at § 602 ("Hotel").  The Bylaws also define a building as "a walled and roofed structure…" Id ("Building").  As previously discussed, the proposed structures are three detached tent platforms, an observation deck, and a communal building that will not be used for lodging.  The tent platforms cannot be considered a building as defined by the Bylaws and are therefore not a hotel. Accordingly, we conclude that the material facts are not in dispute such that Applicants are entitled to judgment as a matter of law on Question 8.

### IV.    Questions 1 through 4

Applicants argue that Questions 1 through 4 are vague and ambiguous, and therefore should be summarily dismissed.  The Court notes that Applicants' pending motion is one for summary judgment, not for dismissal.  Summary judgment on these Questions based on the presented grounds would be inappropriate because the Court cannot rule on these questions as a matter of law given the lack of evidence before us.

The Court and opposing parties "are entitled to a statement of questions that is not vague or ambiguous but is sufficiently definite so that they are able to know what issues to prepare for trial." In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 11, 2007) (Wright, J.).  This Court has the discretion to order an appellant to clarify or narrow its statement of questions.  In re Atwood Planned Unit Dev., 2017 VT 16, ¶ 14, 204 Vt. 301. We agree with Applicants that Questions 1 through 4 fail to sufficiently provide the parties and this Court with notice of what issues they specifically address.

---

[6] While not binding on this Court's findings, Applicants offer the Act 250 decision as evidence that there will be no adverse impacts to primary agricultural soils or productive forest soils.  See Applicants' Ex. G Findings of Fact, Conclusions of Law and Order, No. 7C1280-1 at 17-18 (February 24, 2023).  These findings, incorporated into Applicants' motion for summary judgment, are not disputed with evidence by Mr. Jackmauh.

The Court therefore orders Mr. Jackmauh to amend and clarify Questions 1 through 4 on or before **Monday, January 22, 2024**. In doing so, we direct Mr. Jackmauh to cite to specific provisions in the Bylaws and the permit application which he believes are at issue in Questions 1 through 4. Should he choose to voluntarily withdraw some or all of these Questions, that is an option he enjoys. The Court simply asks Mr. Jackmauh to notify Applicants and this Court of his choice by January 22, 2024. As an interested party, and not the original appellant, Mr. Jackmauh's revised Questions must relate to the issues raised by the original Appellant. See Eagles Place, LLC Const. Application, No. 55-4-14 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Jan. 12, 2015) (Walsh, J.) (denying intervenors' request to add defenses not raised in the original statement of questions) (citing In re Garen, 174 Vt. 151, 156 (2002)). Any revised Question that attempts to raise issues outside the scope of the Questions as presently presented or reasserts issues that have been adjudicated by the Court in this Entry Order would be inappropriate and will not be allowed.

Applicants will have an opportunity to respond to the amended Questions with a motion to dismiss or a further motion for summary judgment, which filings shall be made no later than **Wednesday, January 31, 2024.**

**Conclusion**

For the foregoing reasons, we **GRANT** Applicants' motion for summary judgment with respect to Questions 5 through 12. We **DENY** Applicants' motion with respect to Questions 1 through 4. Lastly, we **ORDER** Mr. Jackmauh to amend and clarify Questions 1 through 4 by **January 22, 2024**. Failure to file amended Questions on or before January 22, 2024 will result in the dismissal of these Questions. Any subsequent motions in response to the amended Statement of Questions shall be filed by January 31, 2024.

Electronically signed at Brattleboro, Vermont on Monday, January 8, 2024, pursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division