VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00060



| Oramac Properties CU Appeal |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion: 2)
Filer:          Kristen Shamis, Esq.
Filed Date:     October 7, 2025

No response filed.

**The motion is GRANTED**.

In this matter, Alyssa Costa appeals a decision of the Town of Derby (Town) Development Review Board (DRB) granting with conditions a conditional use permit for a commercial dog kennel. Ms. Costa appealed that decision to the Court on July 24, 2025. On September 16, 2025, this Court send a notice of hearing to all case parties, including Ms. Costa. This Court held an initial status in this matter on October 6, 2025. The Town appeared through counsel. Ms. Costa did not appear. The Town has moved to dismiss this matter for failure to prosecute pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) Rule 41(b)(2). The Town provided a certificate of service of this motion, certifying that it served by First Class mail and email upon Ms. Costa. Ms. Costa has not responded.

Rule 41(b)(2) provides that: "[f]or failure of the plaintiff to prosecute to comply with these rules of any order of the court, a defendant may move for dismissal of an action or any claim against the defendant." Rule 41(b)(2) allows "the trial court to dismiss a case on account of the plaintiff's failure to pursue it, or because plaintiff has not complied with a court order, including failing to attend a scheduled court hearing." Ying Ji v. Heide, 2013 VT 81, ¶ 5, 194 Vt. 546. Additionally, Vermont Rules of Environmental Proceedings (V.R.E.C.P.) Rule 5(b)(1) recognizes that, while "[f]ailure of an appellant to take any step other than timely filing of the notice of appeal does not affect the validity of the appeal" the failure to take other required action "is ground[s] only for such action as the court deems appropriate, which may include dismissal of the appeal." V.R.E.C.P 5(b)(1) (emphasis added).

Here, Ms. Costa appealed the DRB's decision on July 24, 2025. Ms. Costa did not file a Statement of Questions within 21 days of filing her notice of appeal as required by V.R.E.C.P. Rule 5(f).[1] While the failure to file a timely Statement of Questions may not independently be immediately cause for dismissal, this failure, coupled with Ms. Costa's failure to attend the October 6, 2025 status conference or respond to the pending motion in any respect indicate a failure pursue her interests in this case. Thus, the Court concludes that dismissal is warranted and the Town's motion to dismiss is **GRANTED** and this matter is **DISMISSED**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed November 25, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] While Ms. Costa is self-represented in this matter. Thus, this Court is careful to ensure they are not "taken advantage of by strict application of the rules of procedure." Town of Washington v. Emmons, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.). Even with self-represented litigants, however, we must enforce the rules of civil procedure, and the rules governing this Court, equitably. Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397. While Ms. Costa may not generally be familiar with this Court's procedural rules, she remains bound by them. In any event, on July 29, 2025, this Court sent Ms. Costa an initial notification letter that both notes that consultation of the V.R.E.C.P. is necessary to determine what actions are required of an appellant and references a statement of questions filing deadline. See Initial Notification Letter (July 29, 2025) (noting that a matter will be ready for a pretrial conference based on when the time to file a statement of questions has expired or 21 days after notice to interested parties has been sent, whichever is later).