Filed 12/01/25

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00619

| Christopher Main v. Matthew Hart |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion for Summary Judgment; Motion ; to Strike Plaintiff's Sur Reply (Motion: 10; 12)
Filer:        Matthew G. Hart; Matthew G. Hart
Filed Date:   August 21, 2025; November 18, 2025

Defendant, Attorney Matthew Hart, has moved for summary judgment. Plaintiff, Christopher Main, opposes the motion, asserting that Attorney Hart's *Statement of Undisputed Material Facts* does not support entry of judgment under V.R.C.P. 56. Attorney Hart has also filed a motion to strike Mr. Main's *Plaintiff's Reply Memorandum to Defendant's Reply Memorandum* for lack of service. For the foregoing reasons, the motion to strike is denied. The motion for summary judgment is granted.

### Standard of Law

Summary judgment is appropriate if the evidence in the record, referred to in the statements required by V.R.C.P. 56(c), shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994). An issue of fact is material only if it could affect the outcome of the case. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9, 193 Vt. 546. In assessing a motion for summary judgment, the court views all reasonable doubts and inferences of fact in favor of the non-moving party. *Price v. Leland*, 149 Vt. 518, 521 (1988). The court derives the undisputed facts from the parties' statements of fact submitted under V.R.C.P. 56(c) and any supporting documents and affidavits. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427.

Mr. Main is representing himself as a pro se litigant. "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219 (internal quotation marks omitted). Still, the court will be cautious that a pro se party is not "taken advantage of by strict application of rules of procedure." *Town of Washington v. Emmons*, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.).

### Undisputed Facts

Mr. Main contacted Attorney Hart by phone, seeking representation in a criminal matter. Mr. Main was being held without bail, and wanted an attorney who would focus on challenging

the bail determination. Attorney Hart told Mr. Main his hourly rate, and the required initial retainer of $5,000 to retain his services. Attorney Hart drafted a letter of engagement, setting out the full contractual terms. Whether this letter was sent, or whether it was sent to the proper address, is in dispute. After the phone call, Mr. Main, or members of his family, paid the retainer.

Attorney Hart entered his appearance as Mr. Main's attorney in the criminal case, contacted Mr. Main's former attorney, discussed the case and reviewed evidence presented at the weight of the evidence hearing where Mr. Main had been denied bail. Over the course of the next month, Attorney Hart received discovery, both paper and electronic, all of which had to be reviewed. Attorney Hart contacted Mr. Main to discuss the case. Mr. Main directed Attorney Hart to file a second motion for bail, Mr. Main's former attorney having filed the first motion. Attorney Hart drafted a second motion and attended the second weight of the evidence hearing. The criminal court denied the second motion. Attorney Hart discussed the ruling with Mr. Main. After discussion, Mr. Main decided Attorney Hart should move to review the hold without bail order. Attorney Hart drafted a third motion and attended the third hearing. The criminal court denied the third motion, and Attorney Hart discussed the ruling with Mr. Main.

At this point, Mr. Main directed Attorney Hart to appeal the hold without bail order. Attorney Hart advised Mr. Main that in counsel's experience, preparing for trial would be a better strategy. Mr. Main did not agree and directed Attorney Hart to prepare an appeal. Attorney Hart notified Mr. Main that the time and work which had gone into preparing the motions had drained the retainer fee. In order to continue the appeal, Attorney Hart would need new funds. Mr. Main stated that he did not have any additional funds. Attorney Hart stated that he would need to withdraw his services, as he could not work for free, and advised Mr. Main to apply for a public defender. In order to preserve Mr. Main's appeal, Attorney Hart filed a notice of appeal and ordered transcripts for the appeal. Attorney Hart also filed a motion to withdraw as Mr. Main's attorney and attended the hearing on that motion.

The parties dispute what happened at the end of representation, although the dispute is not material. Mr. Main contends that he had multiple issues communicating with Attorney Hart both before and after representation ended. Mr. Main contends he attempted to receive a billing statement from Attorney Hart, after learning the entire retainer had been used on the first three motions, and Attorney Hart never sent a billing statement. Mr. Main contends when Mr. Main's mother contacted Attorney Hart about the billing statement, Attorney Hart threatened her. Mr. Main also contends neither he, nor anyone in contact with him, received either the original letter of engagement from Attorney Hart, nor a billing statement, until both were attached as exhibits to the instant motion. On review of the exhibits, Mr. Main contends Attorney Hart did not use the proper address to mail communications to Mr. Main. Attorney Hart contends Mr. Main told him to use a family address to mail any paper communication.

Mr. Main filed the complaint in this case alleging Attorney Hart breached the verbal contract entered into over the phone, and Attorney Hart's behavior in handling the case violated many of the Vermont Rules of Professional Responsibility. Mr. Main has filed affidavits from his mother and himself and has stated he has no further affidavits or witnesses. See *Mot. Def.'s*

*Resp*; *Pl.'s Letter*[1] ¶¶ 5, 7.  Attorney Hart has filed an invoice and a copy of the contract to support his positions.  Attorney Hart denied the various claims regarding breaches of the professional responsibility rules in his *Answer* and did not address them further in the current motion.

## Motion to Strike

Attorney Hart has moved to strike *Plaintiff's Reply Memorandum to Defendant's Reply Memorandum*, which acts as a surreply in opposition to the motion for summary judgment. Attorney Hart argues Mr. Main never served the surreply to him, and Mr. Main has shown consistent issues adhering to the schedule for this case.  *Def's Mot. Strike*.  The court notes the surreply did not include a certificate of service, as required of all filings in a case under Rule 5 of the Vermont Rules of Civil Procedure.  V.C.R.P. 5(a); 5(b)(2)(B); 5(h).  Rule 5(h) lays out the options for the court when a party is not in compliance with providing a certificate of service. V.R.C.P. 5(h)(3).  A motion to strike is not among the options.

However, the rules do not force a court to accept a surreply when the surreply does not "assist in clarifying the issues, particularly where the party seeking to file the memorandum is addressing newly raised factual or legal arguments."  V.R.C.P. 7(b)(4).  The court has discretion under this rule, as it "may allow" a surreply, which inherently means the court also may disregard a surreply that does not offer clarification.  *Id.*  In this case, the court used its discretion to allow the filing of the surreply and has reviewed it. While Mr. Main essentially repeats arguments from his original oppositional reply without adding new clarification beyond allegations unsupported by evidence in the record, the court chose to consider it in light of Mr. Main's self-represented status. There has been no prejudice to Attorney Hart by the court's review of the surreply.

The court denies the motion to strike.

## Motion for Summary Judgment

Mr. Main has presented a breach of contract claim, and what is effectively an attorney malpractice claim.  The undisputed facts state Attorney Hart performed work for his client Mr. Main relating to Mr. Main's criminal case.  The claims in the complaint are that while some work was performed, it was not enough, or substandard work for what was charged—in other words, a negligence or malpractice claim veiled as a breach of contract claim.  See *Lefebvre v. Crawley*, No. 2009-194, 2010 WL 286731 at *2 (Vt. Jan. 15, 2010) (unpublished mem.) (discussing how a contract orally entered into does not create additional obligations above an attorney's general duty to their clients and claims an attorney did not perform up to their duty are negligence claims).  Attorney Hart has provided evidence as to the extent of the work performed, and the hours spent in pursuit of that work.  Reviewing the invoice does not show Attorney

---

[1] Mr. Main's reply to *Defendant's Motion for Summary Judgment* was not titled, though it responded to the motion with numbered paragraphs, and attempted to conform with Rule 56's requirements for a reply.  The current title is the designation of the document in the efiling system.

Hart's work breached the terms laid out in the letter of engagement. For these reasons, the court will grant summary judgment on the breach of contract claim.

The secondary contentions of Mr. Main's complaint amount to the idea that the Vermont Rules of Professional Responsibility require an attorney to act within a certain standard, and Attorney Hart did not act within that standard. This is an attorney malpractice claim in tort. Vermont law generally holds that legal malpractice claims should be pursued in tort and not breach of contract. *Bloomer v. Gibson*, 2006 VT 104, ¶ 24, 180 Vt. 397 ("[O]ur more recent cases have held that an action to recover for legal malpractice lies in tort, on the theory of the attorney's negligence.").

At this stage in the proceedings, Mr. Main has failed to provide evidence of a central element of his own claims and asserted that he will not be providing that evidence. Professional cases, such as cases claiming negligence by an attorney in their representation, have a special duty of care which exists independently of contract. *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 31, 181 Vt. 513. The parties must establish "the type of relationship created between the parties" on entering into contract, and whether the parties abided within the standards created by that relationship. *Id.*

> Generally, negligence by professionals is demonstrated using expert testimony to: (1) describe the proper standard of skill and care for that profession, (2) show that the defendant's conduct departed from that standard of care, and (3) show that this conduct was the proximate cause of plaintiff's harm. If the alleged negligent conduct is a matter of judgment unique to that profession, the above elements must be established by expert testimony to assist the trier of fact in determining negligence.

*Estate of Fleming v. Nicholson*, 168 Vt. 495, 497 (1998). Lack of an expert to establish the duty of care means that there is no evidence of an element of the claim, and without evidence of that element, the claim cannot withstand a motion for summary judgment. See *Noyes v. Gagnon*, No. 2007-311, 2008 WL 2811231 at *2 (Vt. Feb. 1, 2008) (unpublished mem.) (affirming grant of summary judgment for failure of non-moving party to produce a necessary expert witness); V.R.C.P. 56(e)(3). It is for these reasons that an expert is usually necessary in a professional case to establish the standard of care applicable to the parties' unique positions in dealing with one another.

Here, Mr. Main claims Attorney Hart's behavior towards him as a client was faulty given the length of time between court decisions and communication of those decisions; as a professional Attorney Hart should have promptly delivered the invoice and contract; the communication after the attorney-client relationship ended was outside of the acceptable standard, and implies Attorney Hart's client records as to Mr. Main's address were not properly kept. Many of these claims rely on professional interpretation of the facts in order to establish the duty of care on a given claim, let alone whether Attorney Hart's actions breached that duty of care. The names of experts were due in April, and no expert was named at that point. Since then, and through the reply to the Motion for Summary Judgment, Mr. Main has not provided the

name of an expert witness who will testify regarding the duty of care and has stated that he has no other witnesses other than himself and his mother. Without evidence that establishes an essential element of the claim, the duty of care, the court will grant summary judgment on the negligence claims.

## Conclusion

Defendant's motion to strike is DENIED. Defendant's motion for summary judgment is GRANTED.

**Signed Electronically on November 26, 2025 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**