Filed 03/11/26

VERMONT SUPERIOR COURT

Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-ST-00949

**Justin Gamache v. Lauren Ronan**

# ENTRY REGARDING MOTION

Title:         Motion to Seal  (Motion: 4)
Filer:         Justin A Gamache
Filed Date:    January 26, 2026

Plaintiff Justin-Ames Gamache has filed a motion to seal the docket (Motion 4) after the court denied a motion to seal the docket (Motion 3).  For the following reasons, Motion 4 is denied.

Mr. Gamache filed a motion to seal the docket at the end of last year, with the main argument being that the docket was frivolous litigation against Mr. Gamache.  Mr. Gamache was the one who initiated litigation in this docket, apparently making him the frivolous litigator.  The court considered the merits of the motion and denied it, as Mr. Gamache had not shown good cause.  After the court issued its decision on the motion, Mr. Gamache filed several untimely opposition memoranda.  Opposition memoranda are filed by parties who oppose an open, undecided motion, and wish to bring arguments against granting the motion to the court's attention before the court makes a decision on the motion.  V.R.C.P. 7(b)(4).  Mr. Gamache, as the filer of the motion to seal, was seemingly opposing himself.  All of the oppositions were untimely because the motion had been decided before they were filed.

Then, Mr. Gamache filed the current motion, which repeats all the original arguments of the first motion, while avoiding the claim that Mr. Gamache initiated the docket for frivolous reasons.  Mr. Gamache has waived a hearing on the matter, and no opposition or request for a hearing has been filed by Officer Ronan.  V.R.P.A.C.R. 9(a)(4).  The certificate of service shows Mr. Gamache served Officer Ronan by email.  The court cannot find in the record Officer Ronan's agreement for service through email.

Mr. Gamache is a pro se party, and therefore the court will be cautious not to apply the rules of civil procedure unfairly.  *Town of Washington v. Emmons*, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.).  However, the rules of civil procedure still do apply to pro se parties, and the filings they make with the court.  *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

A motion must be rejected if it is not served properly on the opposing party.  Under the Vermont Rules of Civil Procedure, service is governed by Rule 5, and by reference in Rule 5, to the Vermont Rules for Electronic Filing, Rule 11.  Rule 5 defines electronic filers as "an attorney, who is required to electronically file, and any other person who is permitted or required to file electronically in a case."  V.R.C.P. 5(i)(2).  After proper service of a complaint to initiate

the case, all future motions and pleadings must be served in accordance with the procedures of Rule 5(b).  V.R.C.P. 5(a)–(b).

When an electronic filer serves documents in electronic format to another electronic filer, service "*must* be made by using the electronic filing system in accordance with 2020 V.R.E.F. 11(d)(1), or by another method agreed on as provided in 2020 V.R.E.F. 11(d)(2)."  V.R.C.P. 5(b)(2)(A) (emphasis added).  Subdivision (d) of Rule 11 requires service "be effected using the electronic filing system by choosing File and Serve and selecting the party from the Public List at the time of filing, unless there is an agreement under paragraph (2)."  V.R.E.F. 11(d)(1).  Paragraph two provides the specifications for a separate agreement of alternative service, which would apply to any service through email.  V.R.E.F. 11(d)(2).

Mr. Gamache has elected to make all of the filings related to the motion to seal through the electronic filing system.  This makes Mr. Gamache "any other person who is permitted" to file electronically in a case.  In other words, an electronic filer.  The current motion should have been served on Officer Ronan, therefore, using the File and Serve feature, not by direct email, as indicated on the certificate of service.  V.R.E.F. 11(d)(1), *Plf.'s Mot. to Seal Entire Case File* (Jan. 26, 2026) at 6.  There is no agreement for filing through direct email present in the record.

The motion is denied for improper service.

This decision also serves as notice to Mr. Gamache.  The docket originated as a stalking case based on claims of improper contact between the parties.  According to Mr. Gamache's original motion to seal, there is a high likelihood that he filed this case frivolously.  Direct service by email is a form of contact, and in this case, potentially continues litigation initiated for frivolous purposes.  Currently, the court remains unconvinced Mr. Gamache intends to abuse the court process for some improper purpose.  However, the untimely filings, the repetitious filings, and the choice of improper service type lead toward that conclusion.  If Mr. Gamache makes another filing in this docket with improper service, using a motion type which is untimely under the rules, or based on arguments the court has already considered, the court will consider setting this matter for a show cause hearing under Vermont Rules of Civil Procedure Rule 11.  See V.R.C.P. 11(c)(1)(B).  Timely filings, properly served, would not trigger such a course.

## Order

Plaintiff's Motion 4 is denied.

**Signed electronically March 11, 2026 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**